277 A.2d 914.

STATE *vs.* HOWARD W. HOLMES, JR.

JUNE 2, 1971.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This case is before us on an exception to a Superior Court justice's denial of the appellant's motion

for reduction of his sentence by the number of days spent in confinement awaiting trial and sentencing. The motion was made on the authority of G. L. 1956 (1969 Reenactment) §12-19-2.

The record establishes that some time in 1967, appellant was placed on a deferred sentence in connection with indictment No. 35490. On July 3, 1968, the grand jury returned two other indictments against appellant, which indictments were numbered 68-780 (unlawful sale of a narcotic drug) and 68-781 (unlawful possession of a narcotic drug). Thereafter, specifically August 2, 1968, appellant was committed to the Adult Correctional Institutions pending disposition of all three indictments. It was not until April 10, 1969, that appellant was brought before a Superior Court justice for disposition. Thus, from August 2, 1968 to April 10, 1969, appellant was confined 245 days awaiting such disposition.

On April 10, 1969, the Superior Court justice, before whom appellant appeared, made the following dispositions: for violating the terms of his deferred sentence given in connection with indictment 35490, appellant was sentenced to three years, the execution of which was suspended, subject to five years' probation.

On appellant's plea of nolo to indictment 68-781, he was given a five-year sentence, the execution of which was also suspended and made subject to a five-year probation. On indictment 68-780, sentence was deferred.

Some two months later, specifically June 19, 1969, appellant was presented before the same Superior Court justice who had imposed the sentences on April 10, 1969, on the state's charge that appellant had violated the terms of his probation and the Superior Court justice so found. As a consequence of this finding, the Superior Court justice further deferred sentencing of appellant on indictment 68-780 but vacated the suspension of execution of the three

and five-year sentences imposed in connection with indictments 35490 and 68-781, respectively.

The appellant was thereupon ordered confined to the Adult Correctional Institutions to serve said three and five-year sentences concurrently.

Thereafter, specifically on August 18, 1970, appellant filed the instant motion. It sought, in effect, to have appellant's three and five-year sentences reduced by the 245 days which appellant had been confined prior to the imposition of such sentences. The motion was heard by the same Superior Court justice who had imposed the sentences, suspended execution thereof, and subsequently vacated such suspension as heretofore related. At this hearing, the Superior Court justice denied the appellant's motion and an exception to such denial was duly prosecuted to this court.

It is clear from a reading of his decision that the Superior Court justice construed §12-19-2 as intending that the sentence imposed should reflect the amount of time already spent prior to sentencing. In other words, the sentence, once imposed, would not thereafter be subject to reduction by virtue of the statute in question. So construed, the Superior Court justice indicated that before a sentence was imposed, it was obligatory on a sentencing judge to first determine whether the person to be sentenced had already been confined in consequence of the offense for which he was to be sentenced, and then impose a sentence which would represent the time that defendant was to serve thereafter. In reaching this decision denying appellant's motion, he pointed out that the three and five-year sentences imposed were substantially less than the authorized maximum sentences, thereby suggesting that appellant had received the benefit intended by §12-19-2. He acknowledged that when imposing the sentences in question he made no reference to this, but justified the

record's silence in this regard on the ground that to require a sentencing judge to have the record disclose every mitigating circumstance which influenced the imposition of a sentence less than the provided maximum, would make a mockery of the sentencing process.

This brings us to a consideration of the legislative intendment of §12-19-2. It provides:

> "Selection of method and amount or term of punishment.—Whenever it is provided that any offense shall be punished by a fine or imprisonment, the court imposing such punishment may, in its discretion, select the kind of punishment to be imposed, and if such punishment be fine or imprisonment, the amount or term of the same within the limits prescribed by law, provided, however, if the punishment to be imposed is imprisonment, such sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing, and provided, further, however, that in the case of a person sentenced to a life sentence, the time at which he shall become eligible to apply for parole shall be reduced by the number of days so spent in confinement while awaiting trial and while awaiting sentencing; and any sentence or sentences in effect at present, including the provision as to a life sentence as heretofore described may be reduced in a like manner by the court which imposed such sentence upon application by the person serving such sentence to the said court."

At the outset, we deem it advisable to point out that the phrase "while awaiting trial and while awaiting sentencing" must be construed as embracing confinement time spent for any reason whatsoever in connection with an offense for which a defendant is subsequently sentenced.

Thus, in the instant case, appellant was confined 245 days between August 2, 1968 and April 10, 1969, awaiting disposition of the deferred sentence given in connection with indictment 35490 and the same amount of time await-

ing either trial or disposition of a plea of nolo or guilty in connection with indictments 68-780 and 68-781. Clearly, then, the sentences imposed on April 10, 1969, were subject to the provisions of §12-19-2, it having become effective May 22, 1968.

The ultimate question before us, therefore, is whether the Superior Court justice was correct in his determination that the sentences of three and five years respectively reflected credit for the 245 days which appellant had been confined prior to the imposition of these sentences. In reaching his determination, the Superior Court justice, expressing his belief that the statute was actually meaningful only when minimum and maximum sentences were involved, used two hypothetical cases. First, he considered the case of two men convicted of robbery, the punishment for which is from five years to life. Continuing with his hypothesis, the sentencing judge believes that the minimum sentence should be imposed on both defendants. Defendant A, however, was confined for one year awaiting trial and sentence, while defendant B had been out on bail. In such circumstance the Superior Court justice whose decision is here under review, construed §12-19-2 as requiring him, under the facts stated, to sentence defendant A to four years and defendant B to five.

His second hypothetical case concerned a man convicted of manslaughter for which the maximum sentence is 20 years. Assuming that the maximum sentence of 20 years was proper here, and defendant had been confined 18 months awaiting trial and awaiting sentence, the actual sentence imposed should, in the Superior Court justice's understanding of §12-19-2, be 18½ years. Otherwise, the Superior Court justice noted, this hypothetical defendant, if given the maximum sentence of 20 years, would actually spend 21½ years in prison. Thus, he reasoned, the Legislature intended by its enactment of §12-19-2, that a sen-

tencing justice should impose such sentence as would credit an appropriate defendant with confinement spent while awaiting trial and sentence.

We do not so conceive the legislative intent. While the reasoning of the Superior Court justice with regard to the hypothetical case of a maximum sentence for manslaughter is clearly not unsound, such reasoning when applied to a minimum sentence calls for an undesirable interpretation of the legislative purpose in enacting §12-19-2. We think this is so because to give to §12-19-2 the construction adopted by the Superior Court justice would be to hold that the Legislature was authorizing sentencing justices to impose a sentence less than that for which the Legislature had otherwise specifically provided.

It is elementary that without a legislative directive a sentencing judge has the inherent power, within the minimum and maximum limits fixed by the Legislature, to impose a sentence, the imposition of which, is influenced by the fact that the person to be sentenced has spent some time in confinement while awaiting disposition. It is permissible to observe, however, that it is common knowledge that this judicially inherent power has not been uniformly exercised. We think that it was in light of this lack of uniformity that the General Assembly purposed by the enactment of §12-19-2 to make certain that all persons sentenced to identical terms would, apart from differentials arising out of allowances for "good time" and/or parole, be deprived of their liberty for identical periods of time. Construing §12-19-2 thusly, we think that a sentencing judge should impose such sentence as, in consideration of all other influencing factors, seems just. So doing, he imposes a sentence without regard to whether the person sentenced has or has not been confined while awaiting disposition. This done, it is for the warden into whose custody the sentenced person is given [12-19-25] to apply the pro-

visions of §12-19-2. In this manner, defendants A and B in the Superior Court justice's hypothetical case would each be sentenced to five years, but the records of the warden would establish that defendant A had already served one of the five years to which he was sentenced, while defendant B, not previously confined would have the full sentence yet to serve. In short then, we think that, as to all sentences imposed subsequent to May 22, 1968, the date on which §12-19-2 became effective, the statute is subject to administrative rather than judicial application.

In the case at bar, appellant had been confined 245 days at the time the three and five-year sentences were imposed, and these days were spent awaiting disposition of the charges for which the sentences were given. Furthermore, the three and five-year sentences were imposed subsequent to May 22, 1968. In our view of how §12-19-2 was intended to be enforced, therefore, we hold that appellant's exception is sustained to the end that our decision in this case and all cases where sentence was imposed subsequent to May 22, 1968, time spent in confinement awaiting the imposition of such sentences shall be administratively credited in the computation of when a sentence shall have been served.

In reaching this conclusion, we are not unmindful that motions similar to the one at bar may have been heard by Superior, Family or District Court judges in other cases and the motions in those cases granted by the judges who heard them. Such decisions, if any there were, should be considered as consistent with our holding in the case at bar. Specifically, there will have been directives to the warden that his computation of when an imposed sentence has expired will include the number of days confined awaiting disposition.

From and after the filing of our opinion in this case, however, there will be neither reason nor justification for

application to any court for the awarding of credit for time spent in confinement awaiting imposition of sentences, which sentences were imposed subsequent to May 22, 1968.

Where a sentence was imposed prior to that date, however, application for credit of time spent in confinement awaiting disposition must be made to the court wherein sentence was imposed and such application shall be directed to the discretion of that court. See *State* v. *Taylor*, 108 R. I. 114, 272 A.2d 680, which was concerned with construing §12-19-2 in the case of a petitioner whose sentence was imposed prior to the date on which the statute became effective.

The appellant's exception is sustained and the record ordered returned to the Superior Court.

ROBERTS, C. J., did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Scott K. Keefer,* Special Asst. Attorney General, for appellee.

*John G. Coffey,* for appellant.