286 A.2d 592.
STATE *vs.* JOSEPH DaFONSECA.

JANUARY 26, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This case raises the question whether a juvenile who has been confined at the Rhode Island Training School for Boys while awaiting disposition of the charge against him, and whose case is subsequently waived out

of the Family Court, is entitled to credit for such time under the provisions of G. L. 1956 (1969 Reenactment) §12-19-2, which in pertinent part reads as follows:

> "Whenever it is provided that any offense shall be punished by a fine or imprisonment, the court imposing such punishment may, in its discretion. select the kind of punishment to be imposed, and if such punishment be fine or imprisonment, the amount or term of the same within the limits prescribed by law, provided, however, if the punishment to be imposed is imprisonment, such sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing * * *."

On September 8, 1968, defendant, who was then seventeen years of age, was charged with murder. He was confined at the Rhode Island Training School for Boys from September 9, 1968, until October 15, 1968, when jurisdiction over him was waived by the Family Court.[1] Thereafter he was confined at the Adult Correctional Institutions. He was subsequently indicted for murder and in January of 1970, pleaded guilty to second-degree murder. On February 4, 1970, DaFonseca was sentenced to ten years at the Adult Correctional Institutions and was given credit for the 273 days he spent committed at the Adult Correctional Institutions while awaiting trial and sentencing in accordance with the mandate of §12-19-2.

On October 22, 1970, defendant filed a motion in the Superior Court requesting that he be given credit for the 37 days he spent in confinement at the training school for

---

[1]The Family Court waived jurisdiction under G. L. 1956 (1969 Reenactment) §14-1-7, which reads as follows:

"If a child sixteen' (16) years of age or older is charged with an offense which would render said person subject to indictment if he were an adult, a justice of the family court after full investigation, may waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult."

boys prior to the waiver of jurisdiction over him by the Family Court.[2] The trial justice denied the motion on the ground that defendant had been given credit for all of the time he was entitled to by the judge who sentenced him. The cause is before us on defendant's exception to the trial justice's decision.

The defendant claims that §12-19-2 applies to him and that he is entitled to credit for the 37 days he was confined at the training school for boys. We agree.

Once the Family Court waived jurisdiction over defendant he became subject to the jurisdiction of the Superior Court and was then in the same position as any adult. As such he was clearly entitled to all of the benefits of §12-19-2. The trial justice recognized this and credited him with the 273 days spent at the Adult Correctional Institutions. However, he refused to give him credit for the 37 days spent at the training school. We believe he was in error.

In our judgment such result was not within the legislative intendment. If defendant was an adult he would have undoubtedly received the benefit of §12-19-2. Why should the Legislature be more solicitous of an adult than a juvenile? We do not believe that it was. As the court said only recently in *State* v. *Holmes*, 108 R. I. 579, 582, 277 A.2d 914, 916 (1971):

> "* * * the phrase 'while awaiting trial and while awaiting sentencing' must be construed as embracing confinement time spent for any reason whatsoever in connection with an offense for which a defendant is subsequently sentenced."

The defendant here was charged with murder by a "Complaint and Warrant" which was issued by the then District Court of the Twelfth Judicial District. He was confined at the training school for boys in connection with the offense

---

[2]This motion was filed prior to the filing of our decision in *State* v. *Holmes*, 108 R. I. 579, 277 A.2d 914 (1971).

for which he was subsequently sentenced and was, therefore, entitled to credit for the time spent at the training school. The state's contentions to the contrary lack merit and, in view of our conclusion, require no discussion.

Since sentence in this case was imposed subsequent to May 22, 1968, the date §12-19-2 became effective, we shall remit this case to the Superior Court with directions that the warden at the Adult Correctional Institutions be notified of our decision herein so that he may administratively apply the provisions of §12-19-2 in accordance with our decision in State v. Holmes, supra.[3]

The defendant's exception is sustained and the record ordered returned to the Superior Court.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Henry Gemma, Jr.,* Special Asst. Attorney General, for plaintiff.

*James Cardono,* Public Defender, *Moses Kando,* Asst. Public Defender, for defendant.

---

[3] In *State v. Holmes,* 108 R. I. 579, 277 A.2d 914 (1971), we held that under the provisions of §12-19-2, the warden administratively credits time spent in confinement to the sentence which is imposed.