694

338 A.2d 166.

STATE *vs.* GARY L. BLACKSTON.

June 2, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. On February 11, 1974, a Superior Court justice found that the defendant Gary L. Blackston had violated a deferred sentence previously imposed for a narcotic offense and sentenced him to "a term of thirty months, which will begin as of today." About a month later the defendant, relying upon G. L. 1956 (1969 Reenactment) §12-19-2, moved that "his present sentence and conviction of 30 months" be reduced by the time he had spent in confinement awaiting trial and sentencing.[1] The motion was heard before the same justice who had imposed sentence, and he denied it on the ground that he had intended the 30-month sentence to be "in addition to any and all awaiting trial time." While nothing in the transcript of the proceedings that occurred at the time of sentencing

---

[1] The procedure invoked by the defendant has not been challenged by the state, and we do not now do so sua sponte. Our failure to do so, however, should not be deemed to constitute approval.

supports his recollection of his intentions, it is attested to by the judgment of conviction, which reads in part:

> "It Is Adjudged that the defendant is hereby committed to the custody of the Warden of the Adult Correctional Institutions for imprisonment for a period of 30 months. (Time awaiting trial already given by the court)"

The case is now here on the defendant's appeal.

The sole question is whether the sentence imposed as evidenced by the judgment of conviction can be reconciled with the intendment of §12-19-2. That issue is not novel. It was resolved in *State* v. *Holmes,* 108 R. I. 579, 277 A.2d 914 (1971), where we concluded that §12-19-2 clearly contemplated that the awarding of credit for time confined pending disposition is an administrative function for the warden into whose custody the sentenced person is placed, and that the trial justice's obligation is limited to imposing sentence "* * * without regard to whether the person sentenced has or has not been confined while awaiting disposition." *Id.* at 584, 277 A.2d at 917.

Although that holding seems unmistakably clear, the state contends in its brief "* * * that the directive in *Holmes* was intended merely as a guideline, as shown by the use of the words 'we *think* that a sentencing judge *should* * * *' (a somewhat tentative mode of expression." This language, the state further argues, "* * * does not amount to a cast-iron directive that the judge *must* achieve the desired result in the suggested manner."

While this contention may be so lacking in merit as to require no response, we nonetheless indulge the state by pointing out that later in the *Holmes* opinion we said that "[f]rom and after the filing of our opinion in this case, however, there will be neither reason nor justification for application to any court for the awarding of credit for time spent in confinement awaiting imposition of sen-

tences, which sentences were imposed subsequent to May 22, 1968." *Id.* at 585-86, 277 A.2d at 918.

Had the trial justice in this case complied with the *Holmes* directive, he would have left to the warden the task of crediting defendant with pre-disposition confinement time, and would have concerned himself only with imposing a sentence that, in consideration of all other influencing factors, seemed just. His failure to do so was error, as was his denial of the defendant's motion for credit pursuant to §12-19-2. Accordingly, the defendant's sentence of 30 months, the only permissible portion of the sentence imposed, should be reduced by the number of days the defendant was confined while awaiting trial and sentencing.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings consistent with this opinion.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Paul E. Kelley,* Asst. Public Defender, for defendant.