STATE

v.

**Daniel M. ILACQUA.**

No. 99–433–C.A.

Supreme Court of Rhode Island.

Jan. 24, 2001.

Aaron L. Weisman, Providence, for Plaintiff.

James Moretti, Cranston, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on December 5, 2000, pursuant to an order directing both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and

that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

In 1996, Daniel M. Ilacqua (defendant) was charged, by criminal information (first information), with receiving stolen goods valued in excess of $500 and conspiracy. He pled nolo contendere to both crimes. The defendant received a five-year suspended sentence, with probation, and was ordered to pay certain mandatory contributions.

On December 1, 1998, defendant was arrested for possession with intent to deliver a controlled substance (cocaine). He was subsequently charged (second information) and held without bail on both the new charge and as an alleged violator of the probationary sentence imposed on the crimes charged in his first information. The defendant was held without bail for 170 days, from December 2, 1998, until May 20, 1999. On May 20, 1999, he admitted violating the conditions of his probation. As a result, defendant was sentenced to a one-year term of incarceration, with credit for time served.[1]

Pursuant to G.L.1956 § 12–19–2,[2] defendant was credited with the 170 days he had been held without bail pending a hearing on the violation of his probationary sentence. However, the 170–day credit was not applied to the six-month consecutive sentence he received on the crimes charged in the second information. Believing he was entitled to the 170–day credit for the six-month consecutive sentence he received (that is, that he was effectively due a credit of 340 days), defendant filed a motion in Superior Court seeking credit for time served. He also argued

that he was entitled to an additional credit of 205 days for time served between November 27, 1996 and September 1, 1998; the majority of those days were served prior to being sentenced on the first information.

The motion was heard on July 13, 1999, and the matter was continued. In the interim, on August 4, 1999, defendant filed a second motion seeking credit for time served. In that motion, defendant argued that he was entitled to further credit for time served while he had been awaiting trial on separate charges.

On August 20, 1999, both motions were heard. On September 13, 1999, as to the consecutive six-month sentence, the motion justice entered an order denying defendant's motion for a credit of 170 days. However, as to the probation violation, defendant was given credit for 32 of the claimed 205 days. The defendant timely appealed.

The defendant raises two issues in his appeal.[3] First, defendant argues that he was entitled to a credit of 170 days on the second information charge, as well as a credit of 170 days on the violation of probation charge, for a total of 340–days credit. He argues that because he was held on both cases while awaiting trial, he is entitled to credit on both cases..

■ Section 12–19–2(a) provides in pertinent part:

"Whenever it is provided that any offense shall be punished by a fine or imprisonment, the court imposing punishment may, in its discretion, select the kind of punishment to be imposed, and if the punishment be fine or imprisonment, sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing * * * ."

1. The defendant also pled nolo contendere to the new drug charge in consideration for a thirty-year sentence with six months to serve and the balance suspended. The six-month sentence was to run consecutive to the twelve-month sentence.

2. General Laws 1956 § 12–19–2(a) provides in pertinent part: "if the punishment to be imposed is imprisonment, the sentence or

3. The defendant's motion for immediate assignment, which raised one issue on appeal, was incorporated into defendant's pre-briefing statement, which raised another issue.

its amount or term within the limits prescribed by law; provided, however, if the punishment to be imposed is imprisonment, the sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing * * * ."

"We have previously held that the General Assembly's enactment of the so-called dead-time provisions of § 12–19–2 was a benevolent effort to assist the person who, because of an inability to make bail, [has] been cast into a sort of limbo as he awaited the disposition of the charge or complaint which had caused his incarceration." *State v. Skirvin*, 113 R.I. 443, 446, 322 A.2d 297, 299–300 (1974) (citing *Santos v. Howard*, 108 R.I. 666, 278 A.2d 839 (1971); *State v. Winston*, 105 R.I. 447, 252 A.2d 354 (1969)). Such an individual is "in limbo because the time spent awaiting trial or sentence [can] not be credited towards any future parole." *Skirvin*, 113 R.I. at 446 n. 1, 322 A.2d at 300 n. 1. Consequently, "the phrase 'while awaiting trial and while awaiting sentencing' must be construed as embracing confinement time spent for any reason whatsoever in connection with an offense for which a defendant is subsequently sentenced." *State v. Holmes*, 108 R.I. 579, 582, 277 A.2d 914, 916 (1971). Accordingly, credit should be given only for time confined.

In the instant case, it is immaterial that defendant had more than one charge pending against him. He received credit for the 170 days he served while awaiting trial. That is all to which the law entitles him. Therefore, the trial justice properly denied defendant's motion.

Next, defendant argues that he was entitled to credit for time served while awaiting trial for the crimes charged in the first information, namely, the period between July 23, 1997, and October 8, 1997. The defendant initially was held on May 12, 1997, and posted bail on or about June 25, 1997. He subsequently was presented approximately one month later, on July 23, 1997, on other charges. At that time, he was held without bail pending a District Court violation hearing and in spite of the ability to post bail on the Superior Court information. Essentially, defendant argues that because he was being held on other charges, the ability to post bail on the crimes charged in the first information was useless and, thus, he was entitled to credit for time served.

The mere fact that the defendant was being held without bail on violation charges and that he did not have the ability to post bail in respect to other charges does not mean that he was, in effect, held without bail on the crimes charged in the first information. Therefore, the trial justice properly denied the defendant's motion.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.