**Supreme Court**

No. 2013-214-C.A.

(P1/06-1262A)

| | |
|---|---|
| State | : |
| v. | : |
| Allen Wray. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                 :

v.                :

Allen Wray.        :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**  The defendant, Allen Wray, appeals from an order of the Superior Court denying his motion for credit for time served while awaiting trial and sentencing.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm in part and vacate in part the order of the Superior Court.

## I

## Facts and Procedural History

On January 30, 2006, defendant appeared in District Court and was held without bail on a charge of two counts of first-degree robbery.[1]  On the same day, he also appeared in Superior Court and was presented as a violator of probation for four previously imposed suspended

---

[1] The Superior Court docket and the parties' Supreme Court Rule 12A statements list defendant's commitment date as January 30, 2006; however, the exhibits attached to defendant's filings below indicate that defendant was committed on January 28, 2006.

sentences resulting from drug-related charges (case number P2/97-2695A).[2]  On April 12, 2006, defendant was adjudicated a probation violator and the suspension was removed from those sentences.[3]

On April 14, 2006, two days after he was adjudicated a violator, defendant was indicted on the two counts of first-degree robbery with which he had been charged in January; he was tried in December 2008 and found guilty on both counts.  The defendant was sentenced on April 24, 2009 to twenty years, ten years to serve and ten years suspended, with probation, on each count, both sentences to run concurrently with each other and with the sentences in defendant's prior drug-related charges.[4]  The warrant for commitment indicated that the sentences for defendant's robbery conviction were to begin on the day of sentencing, April 24, 2009.

The defendant, acting pro se, filed a "motion to reduce/modify sentence" on May 7, 2012, as well as a petition for writ of mandamus on May 30, 2012, arguing that his sentence in the robbery case should have been reduced by the number of days that he spent incarcerated between his arrest in January 2006 and his sentencing in April 2009.  The defendant asserted that he was entitled to credit for this time pursuant to the plain language of G.L. 1956 § 12-19-2(a).[5]  The

---

[2] In 1997, defendant pled nolo contendere to two counts of delivery of controlled substances and was sentenced to fifteen years on each, retroactive to June 18, 1997, with three years to serve, twelve years suspended with probation, concurrent with a sentence for two counts of conspiracy to violate the Rhode Island Controlled Substances Act, G.L. 1956 chapter 28 of title 21, for which he was sentenced to fifteen years for each count, retroactive to June 18, 1997, with three years to serve, twelve years suspended, with probation.

[3] The violation determination was affirmed on appeal. State v. Wray, 919 A.2d 414, 415 (R.I. 2007) (mem.).

[4] The defendant's conviction was affirmed on appeal. State v. Wray, 38 A.3d 1102, 1111-12 (R.I. 2012).

[5] General Laws 1956 § 12-19-2(a) provides in pertinent part:

> "(a) Whenever it is provided that any offense shall be punished by a fine or imprisonment, the court imposing punishment may, in its discretion, select the kind of punishment to be imposed, and, if the punishment is fine or imprisonment, its

trial justice treated these filings as a motion for credit for time served and, after at least one hearing,[6] issued an order denying the motion. The defendant timely appealed.[7]

## II

### Standard of Review

The disposition of the issue presented on appeal requires us to construe certain provisions of § 12-19-2(a). "This Court reviews questions of statutory construction and interpretation de novo." National Refrigeration, Inc. v. Capital Properties, Inc., 88 A.3d 1150, 1156 (R.I. 2014) (quoting Morel v. Napolitano, 64 A.3d 1176, 1179 (R.I. 2013)). "When the statutory language is clear and unambiguous, we give the words their plain and ordinary meaning." Id. (quoting Morel, 64 A.3d at 1179). "The plain meaning approach, however, is not the equivalent of myopic literalism, and it is entirely proper for us to look to the sense and meaning fairly deducible from the context." Id. (quoting Peloquin v. Haven Health Center of Greenville, LLC, 61 A.3d 419, 425 (R.I. 2013)). "[O]ur ultimate goal is to give effect to the purpose of the act as intended by the Legislature." Rose v. State, 92 A.3d 903, 906-07 (R.I. 2014) (quoting Swain v. Estate of Tyre ex rel. Reilly, 57 A.3d 283, 289 (R.I. 2012)).

---

amount or term within the limits prescribed by law; provided, if the punishment to be imposed is imprisonment, the sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing * * * ."

[6] The record contains only the transcript of an initial hearing on May 10, 2012, on defendant's motion for credit for time served; according to defendant, the motion was heard via videoconference on multiple dates in April and May of 2012.

[7] The defendant's notice of appeal was dated June 21, 2012, while the order denying his motion was not entered until July 8, 2013. However, the docket also contains an entry dated May 30, 2012, which simply indicates "denied" and may correspond to the instant motion. Regardless, this Court "generally has overlooked the premature filing of a notice of appeal." State v. Rodriguez, 917 A.2d 409, 413 n.6 (R.I. 2007) (quoting McBurney v. The GM Card, 869 A.2d 586, 589 n.3 (R.I. 2005)). Thus, defendant's appeal is properly before this Court for review.

## Discussion

On appeal, defendant argues that he is entitled to credit for time served between January 30, 2006, when he was charged with robbery and presented as a probation violator, and April 24, 2009, when he was sentenced for the robbery charges, pursuant to the so-called "dead-time" provision of § 12-19-2(a). The relevant portion of § 12-19-2(a) provides: "if the punishment to be imposed is imprisonment, the sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing." Thus, defendant asserts, his sentences in the instant robbery case should have been reduced by the roughly three years and three months that he spent incarcerated while awaiting trial and sentencing. Alternatively, defendant argues that he is entitled to credit for the time served between January 30, 2006—the date of his robbery charges and his presentation as a probation violator—and April 12, 2006, the date upon which he was adjudicated a probation violator and began serving his previously suspended twelve years for the drug-related charges.

The state, for its part, argues that defendant is not entitled to credit for the period of time between April 12, 2006 and April 24, 2009, because he was serving the execution of a previously suspended sentence rather than merely being confined while awaiting trial or sentencing. As for the period of time between January 30, 2006 and April 12, 2006, the state has submitted that, "[u]pon information and belief derived from an official at the Adult Correctional Institutions," defendant was credited with "77 days of awaiting sentence/trial time" with respect to the execution of his previously suspended sentences. The state argues, therefore, that defendant is not entitled to credit to his robbery sentences because this period of time has already been credited to his drug-related sentences.

As this Court has previously explained, the Legislature's "enactment of the so-called dead-time provisions of § 12-19-2 was a benevolent effort to assist the person who, because of an inability to make bail, [has] been cast into a sort of limbo as he awaited the disposition of the charge or complaint which had caused his incarceration." State v. Ilacqua, 765 A.2d 822, 824 (R.I. 2001) (quoting State v. Skirvin, 113 R.I. 443, 446, 322 A.2d 297, 299-300 (1974)). We have deemed such an individual "in limbo because the time spent awaiting trial or sentence [can] not be credited towards any future parole." Id. (quoting Skirvin, 113 R.I. at 446 n.1, 322 A.2d at 300 n.1).

"The credit provided for in § 12-19-2(a) thereby ensures that 'all persons sentenced to identical terms w[ill], apart from differentials arising out of allowances for "good time" and/or parole, be deprived of their liberty for identical periods of time.'" Rose, 92 A.3d at 912 (quoting State v. Holmes, 108 R.I. 579, 584, 277 A.2d 914, 917 (1971)). Accordingly, "the phrase 'while awaiting trial and while awaiting sentencing' must be construed as embracing confinement time spent for any reason whatsoever in connection with an offense for which a defendant is subsequently sentenced." Ilacqua, 765 A.2d at 824 (quoting Holmes, 108 R.I. at 582, 277 A.2d at 916).

Here, it is clear that defendant was not "in limbo" from April 12, 2006 to April 24, 2009; rather, he was serving the execution of the previously suspended sentences for the drug-related charges. See Skirvin, 113 R.I. at 446 n.1, 322 A.2d at 300 n.1. On April 12, 2006, when defendant was adjudicated a probation violator, his status changed from "an awaiting trial or sentencing status to that of one serving a * * * prison sentence." Skirvin, 113 R.I. at 447, 322 A.2d at 300. The fact that he also happened to be awaiting trial and sentencing for the robbery charges from April 12, 2006 until April 24, 2009 did not change the nature of his incarceration

with regard to the drug-related charges; thus, he is not entitled to credit in his robbery sentences for this period of time.

The period of time from January 30, 2006 to April 12, 2006, however, does not lend itself to the same analysis. During this portion of time, defendant was being held without bail on the pending robbery charges and had been presented as a probation violator, but he had not yet been adjudicated a violator and had not yet begun serving his previously suspended sentences for the drug-related charges. Even if defendant has been credited with this time in his sentences for the drug-related charges, as the state contends, the mandatory dead-time provision of § 12-19-2(a) must still be applied to his sentences for the robbery charges, because all of defendant's sentences were set to run concurrently.

The rationale for the dead-time provision in § 12-19-2(a) is one of fairness and consistency; if two individuals are given equal sentences, one should not spend more time incarcerated simply because he or she is not able to make bail or because of the protracted nature of his or her pretrial and presentencing proceedings. See Rose, 92 A.3d at 912; Ilacqua, 765 A.2d at 824; Santos v. Howard, 108 R.I. 666, 670, 278 A.2d 839, 841 (1971). It follows that, if an individual receives multiple sentences to be served consecutively, he or she should not receive a credit in every one of his or her sentences for any presentencing time served, because this would result in his or her spending less net time incarcerated than if he or she had not been held prior to sentencing. See Ilacqua, 765 A.2d at 823-24.

In the case of concurrent sentences, however, like the case at bar, this rationale does not obtain. On April 12, 2006, defendant began serving four concurrent twelve-year sentences for the drug-related charges; and, on April 24, 2009, he began serving two additional ten-year sentences for the robbery charges, to run concurrently with each other and with the sentences for

the drug-related charges. If only the twelve-year sentences were to be credited with the time during which he was incarcerated prior to April 12, 2006, then defendant would still find himself, after finishing all of his sentences, having been incarcerated longer than if he had not been held prior to April 12, 2006. Thus, in order to maintain the concurrent nature of the sentences, defendant was entitled to a credit for those days in his concurrent sentences for both the drug-related charges and the robbery charges. See Skirvin, 113 R.I. at 448, 322 A.2d at 301.

Additionally, the state contends that the defendant should not receive credit for the time between January 30, 2006 and April 12, 2006 in his sentences for the robbery charges, because those sentences were specifically set to begin on April 24, 2009. To the extent that the sentencing justice may have intended the sentences to begin on April 24, 2009, without any credit for the time already served, he was in error. In consideration of the purpose behind the dead-time provision of § 12-19-2(a), we have previously held that a sentencing judge should impose a just sentence "without regard to whether the person sentenced has or has not been confined while awaiting disposition." Holmes, 108 R.I. at 584, 277 A.2d at 917. Once the sentence is established, "it is for the warden into whose custody the sentenced person is given * * * to apply the provisions of § 12-19-2." Holmes, 108 R.I. at 584-85, 277 A.2d at 917. Accordingly, then, it was the sentencing justice's duty to impose a sentence for the robbery charges, which he did, and then the warden should have calculated and applied the credit for the days between January 30, 2006 and April 12, 2006, during which the defendant had already been incarcerated.[8]

---

[8] The defendant also perplexingly argues that the trial justice erred by entertaining his motion for credit for time served, because awarding credit for time served is an administrative rather than a judicial function. Because the state has not challenged the procedure utilized by defendant, we decline to address the issue of whether this procedure was proper. See State v. Blackston, 114 R.I. 694, 694 n.1, 338 A.2d 166, 166 n.1 (1975).

## IV

## Conclusion

For the reasons set forth above, we affirm in part and vacate in part the order of the Superior Court and remand the record to the Superior Court with instructions to notify the warden of the Adult Correctional Institutions to apply the provisions of § 12-19-2 consistent with this opinion.


**TITLE OF CASE:**        State v. Allen Wray.

**CASE NO:**        No. 2013-214-C.A.
        (P1/06-1262A)

**COURT:**        Supreme Court

**DATE OPINION FILED:**   November 10, 2014

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

        Associate Justice Francis J. Darigan, Jr.

        Associate Justice Bennett R. Gallo

**ATTORNEYS ON APPEAL:**

        For State:  Aaron L. Weisman
            Department of Attorney General

        For Defendant:  Matthew S. Dawson, Esq.