**Supreme Court**
No. 2020-139-C.A.
(K2/16-637A)

State                              :

v.                                 :

Brian Smith.                       :

# O R D E R

The defendant, Brian Smith,[1] appeals from an order of the Kent County

Superior Court denying his motion for "credit for time served while awaiting

trial[.]"[2]  This case came before the Supreme Court pursuant to an order directing

the parties to show cause why the issues raised in this appeal should not be

summarily decided.  After carefully considering the parties' arguments (both written

and oral) and after reviewing the record, we are of the opinion that cause has not

---

[1]     The defendant appeared before this Court *pro se*, as was the case in the Superior Court.

[2]     In a bench decision, the trial justice denied defendant's motion for "credit for time served while awaiting trial," but no order was entered reflecting that denial.  On March 24, 2021, this Court ordered the case remanded for the entry of an order and a separate judgment of conviction.  Such an order and judgment were entered on April 21, 2021.

been shown and that the appeal may be resolved without further briefing or argument. For the reasons set forth below, we affirm the order of the Superior Court.

On April 4, 2016, defendant was found guilty in the Newport County Superior Court on two counts of simple assault. On May 18, 2016, defendant received two consecutive sentences of one year to serve for those convictions (the Newport County case). The defendant was incarcerated pursuant to those sentences from April 4, 2016 through October 1, 2017.

On December 14, 2016, in a matter unrelated to the Newport County case, defendant appeared before the Providence County Superior Court and pled *nolo contendere* to one count of second-degree child molestation; he was sentenced to ten years, with two years to serve and eight years suspended, with probation (the Providence County case). The defendant was incarcerated pursuant to that sentence from April 4, 2016 until January 8, 2018.

On November 25, 2016, defendant was arraigned in the Kent County Superior Court on four counts of second-degree child molestation (the Kent County case). Approximately one year after the filing of the information, on December 14, 2017, defendant pled *nolo contendere* in the Kent County case to two counts of second-degree child molestation in violation of G.L. 1956 §§ 11-37-8.3 and 11-37-8.4. As part of his plea, defendant agreed to two concurrent sentences of ten years, with six years to serve retroactive to June 1, 2017 and four years suspended, with probation.

Almost two years later, on October 7, 2019, defendant filed in the Kent County case a motion for "credit for time served awaiting trial." At the initial hearing on that motion, on October 31, 2019, defendant argued that, pursuant to G.L. 1956 § 12-19-2(a),[3] he was entitled to a credit to be "administratively applied against [his] term of incarceration for the period of time from [his] arraignment until the time of trial or sentencing." Specifically, defendant contended that he was entitled to credit for a "total of one year and 19 days," representing the time spent awaiting trial from November 25, 2016 to December 14, 2017 in the Kent County case. Due to defendant's having failed to send a copy of his motion to the

---

[3]     General Laws 1956 § 12-19-2(a) reads in pertinent part as follows:

"(a) Whenever it is provided that any offense shall be punished by a fine or imprisonment, the court imposing punishment may, in its discretion, select the kind of punishment to be imposed, and, if the punishment is fine or imprisonment, its amount or term within the limits prescribed by law; provided, if the punishment to be imposed is imprisonment, the sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing; and provided, further, that in the case of a person sentenced to a life sentence, the time at which he or she shall become eligible to apply for parole shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing * * *."

Department of Corrections, the trial justice continued the matter to December 6, 2019.[4]

At the hearing on December 6, 2019, defendant reiterated the above-summarized arguments—namely, that he was entitled to a credit under § 12-19-2(a) in connection with "the time served while awaiting trial and awaiting sentencing," which he contended should be automatically applied against his term of incarceration. In opposition, the Department of Corrections argued that, because defendant had been sentenced and was serving "on something" from May 18, 2016 through the date of his plea in the Kent County case on December 14, 2017, § 12-19-2(a) did not apply. The Department of Corrections further argued that, under § 12-19-2(a), only those who, prior to trial and sentencing, were not already serving a sentence would be entitled to the credit referenced in defendant's motion.[5]

---

[4] In the period between the hearing on October 31, 2019 and the further hearing on December 6, 2019, defendant filed a motion relative to the Kent County case; it was entitled "Supplemental Motion for Sentence Restructuring," which was also scheduled to be heard at the December hearing. In the later-filed motion, defendant contended that there should be a "restructuring" of his sentence in the Kent County case so that it would "run fully concurrently with the sentences of the other related convictions." However, in spite of the fact that defendant purports to be appealing from his "motion for sentence restructuring," the record contains only an order denying defendant's "motion for credit for time served awaiting trial[.]"

[5] In response to the assertion by the Department of Corrections that defendant was continuously sentenced "on something" from May 18, 2016 through the date on which he pled in the Kent County case (December 14, 2017), defendant contended that he had been granted parole in the Newport County case in September of 2016. Accordingly, defendant argued that he had not been serving for a period of

The Department of Corrections stated that, had defendant "been held all this time and * * * not been sentenced on anything, he would have been entitled to that awaiting trial time[.]" The Department of Corrections emphasized, however, that that was not what actually happened in this case, and it therefore contended that defendant was not entitled to the credit that he sought.

The trial justice agreed with the argument of the Department of Corrections and ruled that the provisions of § 12-19-2(a) did not apply to defendant's "sentencing circumstances." Accordingly, the trial justice denied defendant's motion for "credit for time served while awaiting trial" in view of the fact that defendant was serving pursuant to another sentence and was incarcerated during the time as to which he claimed that he was entitled to a credit. The defendant filed a timely notice of appeal.

---

approximately three months, until his parole was revoked in December of that same year. In reply, the Department of Corrections pointed out that the parole board had at one time mistakenly determined that defendant was merely eligible for parole and not released on parole. The Department of Corrections further averred, however, that said determination by the parole board was predicated on a clerical error in that there was an administrative notation to the effect that the sentences in the Newport County case were concurrent, although they were in actuality consecutive. (The Department of Corrections added that that clerical error was subsequently corrected.) Accordingly, the Department of Corrections contended that defendant was "not eligible for parole" and had in fact continued being incarcerated throughout that three-month period.

In his papers before this Court, defendant relies on the same arguments as he made below.[6]

It is well settled that "[t]he Legislature's enactment of the so-called dead-time provisions of § 12-19-2 was a benevolent effort to assist the person who, because of an inability to make bail, [has] been cast into a sort of limbo as he awaited the disposition of the charge or complaint which had caused his incarceration." *State v. Wray*, 101 A.3d 884, 887 (R.I. 2014) (internal quotation marks omitted); *see State v. Ilacqua*, 765 A.2d 822, 824 (R.I. 2001) ("Such an individual is in limbo because the time spent awaiting trial or sentence [can] not be credited towards any future parole.") (internal quotation marks omitted).

Here, the defendant was not in "a sort of limbo" during the time in which he was held awaiting trial at the ACI in the Kent County case. *Wray*, 101 A.3d at 887. On May 18, 2016, the defendant's status had "changed from awaiting trial or sentencing status to that of one serving a * * * prison sentence." *Id.* at 888 (internal quotation marks omitted). It is clear that the defendant had been serving his sentences in both the Newport County and Providence County cases during the entire period relative to which he contends that he is entitled to a credit. *See State v.*

---

[6]    On appeal, defendant raises several constitutional arguments which were not raised below. As such, those arguments are not properly before us on appeal. *See Decathlon Investments v. Medeiros*, 252 A.3d 268, 270 (R.I. 2021) ("According to this Court's well settled raise-or-waive rule, issues not properly presented before the trial court may not be raised for the first time on appeal.").

*Skirvin*, 113 R.I. 443, 447, 322 A.2d 297, 300 (1974) ("Even if [the defendant] could have made bail at any time [during that period], he could not have left the prison."). As such, we are satisfied that the trial justice was correct in his ruling that the provisions of § 12-19-2(a) were not applicable to this case.

Accordingly, we affirm the order of the Superior Court. The record shall be returned to that tribunal.

Entered as an Order of this Court this   4th   day of   March   2022.

By Order,

/s/ Debra A. Saunders, Clerk
_____
Clerk



**ORDER COVER SHEET**

| Title of Case | State v. Brian Smith. | |
|---|---|---|
| Case Number | No. 2020-139-C.A.<br>(K2/16-637A) | |
| Date Order Filed | March 4, 2022 | |
| Justices | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| Source of Appeal | Kent County Superior Court | |
| Judicial Officer from Lower Court | Associate Justice Daniel A. Procaccini | |
| Attorney(s) on Appeal | For State:<br><br>Christopher R. Bush<br>Department of Attorney General | |
| | For Defendant:<br><br>Brian Smith, *Pro Se* | |