STATE

v.

Lewis E. ELLIOTT.

No. 2005–187–C.A.

Supreme Court of Rhode Island.

June 9, 2006.

Diane Daigle.

Earl F. Pasbach, Providence.

ORDER

The defendant, Lewis E. Elliott, appeals from the Superior Court's denial of his second motion to reduce sentence. This case came before the Supreme Court for oral argument on May 9, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submit-

---

ted by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth herein, we deny the appeal and affirm the judgment of the Superior Court.

Following a jury trial in Superior Court, defendant was convicted of two counts of second-degree child molestation. On June 5, 1998, defendant was sentenced to thirty years—fifteen years to be served at the Adult Correctional Institutions and fifteen years suspended, with probation. We affirmed defendant's conviction in *State v. Elliott,* 764 A.2d 147 (R.I.2001).

After his appeal to this Court was denied, defendant filed a motion to reduce sentence. This motion was granted, and defendant's sentence was reduced from fifteen years to serve to twelve years to serve. The remaining eighteen years of defendant's thirty-year sentence were suspended, with probation.

On December 29, 2004, defendant filed a second motion to reduce sentence based upon the United States Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Following a hearing on March 30, 2005, the hearing justice denied defendant's second motion to reduce sentence. The instant appeal ensued.

On appeal, defendant argues that the hearing justice erred in denying his second motion to reduce sentence, which was filed in the wake of the Supreme Court's holding in *Blakely.* This matter is not properly before us on appeal, however, because defendant's second motion to reduce sentence was untimely.

Rule 35(a) of the Superior Court Rules of Criminal Procedure provides, in pertinent part, as follows:

"The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal * * *."

Pursuant to the clear language of that Rule, unless a sentence is illegal, a defendant's motion to reduce sentence must be filed within 120 days of the sentencing date or within 120 days of the Superior Court's receipt of a mandate from this Court either affirming the judgment or dismissing the appeal.

The Reporter's Notes with respect to Rule 35 define an "illegal sentence" as follows:

"[A]n 'illegal sentence' is one which has been imposed after a valid conviction but is not authorized under law. It includes, e.g., a sentence in excess of that provided by statute, imposition of an unauthorized form of punishment, a judgment that does not conform to the oral sentence."

*See also State v. DeCiantis,* 813 A.2d 986, 991 (R.I.2003) (quoting with approval the Reporter's Notes to Rule 35 concerning the distinction between an illegal sentence and an illegally imposed sentence).

The sentence imposed upon defendant in the instant case is not illegal. The statutory limits on the penalties that can be imposed for second-degree child molestation are contained in G.L.1956 § 11–37–8.4, which provides:

"Every person who shall commit second degree child molestation sexual assault shall be imprisoned for not less than six (6) years nor more than thirty (30) years."

The sentence imposed upon defendant (thirty years with twelve years to serve) clearly falls within the statutory limits for the crime of which he was convicted.

Because the defendant's sentence was not illegal, he was required to file his motion to reduce sentence within 120 days of either the sentencing date or the date when the Superior Court received the mandate from this Court denying his appeal. The defendant was sentenced on June 5, 1998, and we affirmed his conviction on January 10, 2001. The defendant's second motion to reduce sentence was not filed with the Superior Court until December 29, 2004—*i.e.*, many months after the expiration of the statutory 120-day time limit. Accordingly, the defendant's second motion to reduce sentence was time barred and this appeal is not properly before us.

Therefore, this appeal is dismissed, and the papers may be returned to the Superior Court.