STATE

v.

**Eddie M. LINDE.**

No. 2007–49–C.A.

Supreme Court of Rhode Island.

March 6, 2009.

As Amended March 27, 2009.

Christopher R. Bush, for Plaintiff.

Catherine Gibran, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

**AMENDED OPINION**

Justice GOLDBERG, for the Court.

This case represents the sixth appellate attack on the constitutional underpinnings of the state's anti-gun-violence statute, G.L. 1956 § 11–47–3.2.[1] We decline to

---

1. *See Sosa v. State*, 949 A.2d 1014, 1016–17 (R.I.2008) (separation of powers); *State v. DeJesus*, 947 A.2d 873, 884–86 (R.I.2008) (equal protection); *State v. Monteiro*, 924 A.2d 784, 792–96 (R.I.2007) (double jeopardy, separation of powers, cruel and unusual punishment); *State v. Feliciano*, 901 A.2d 631, 647–48 (R.I.2006) (double jeopardy); *State v.*

reach the merits of the issues before us because, in our judgment, this constitutional challenge is not cognizable in the context of a motion to correct an illegal sentence under Rule 35 of the Superior Court Rules of Criminal Procedure.

This case came before the Supreme Court on December 8, 2008, on an appeal by the defendant, Eddie M. Linde (Linde or defendant), from a Superior Court order denying his motion to correct an illegal sentence under Rule 35. On May 29, 2002, defendant was convicted on nine counts of a criminal indictment, including second-degree murder and discharging a firearm while committing a crime of violence resulting in death. This Court subsequently affirmed the judgment of conviction. *State v. Linde*, 876 A.2d 1115 (R.I.2005). The defendant later filed a Rule 35 motion in the Superior Court alleging that the mandatory and consecutive life sentence imposed under § 11–47–3.2—discharging a firearm while committing a crime of vio-

lence (second-degree murder)—was illegal because, he argued, the statute violated the separation of powers doctrine, deprived him of due process, constituted cruel and unusual punishment, and amounted to double jeopardy.[2] The trial justice denied the motion, ruling that defendant's constitutional averments could not be pursued under Rule 35.[3] The defendant appealed to this Court. We affirm.

■ Rule 35(a) provides that "[t]he court may correct an illegal sentence at any time." The Reporter's Notes to Rule 35 define an illegal sentence as "one which has been imposed after a valid conviction but is not authorized under law. It includes, e.g., a sentence in excess of that provided by statute, imposition of an unauthorized form of punishment, a judgment that does not conform to the oral sentence." The defendant argues that the examples listed in the Reporter's Notes are not exclusive and that a sentence im-

*Rodriguez*, 822 A.2d 894, 904–08 (R.I.2003) (double jeopardy).

2. We are satisifed that the only viable contentions before the Court relative to defendant's sentence are his due process and Eighth Amendment challenges to G.L. 1956 § 11–47–3.2. In *Monteiro*, we held (1) that a defendant's dual convictions for first-degree murder and for using a firearm resulting in death did not violate the Double Jeopardy Clause of either the state or federal constitutions and (2) that subsections (b)(3) and (c) of § 11–47–3.2, which mandate a consecutive life sentence for a violation thereof, do not violate the separation of powers provision in article 5 of the Rhode Island Constitution. *Monteiro*, 924 A.2d at 792–94. *See also Feliciano*, 901 A.2d at 647–48 (same on double jeopardy issue); *Rodriguez*, 822 A.2d at 904–08 (same). We also held in *Monteiro* that two mandatory and consecutive life sentences imposed under G.L. 1956 § 11–23–2 (first-degree murder) and § 11–47–3.2 did not violate the constitutional prohibition against cruel and unusual punishment in the Eighth Amendment to the

United States Constitution and in article 1, section 8, of the Rhode Island Constitution. *Monteiro*, 924 A.2d at 794–96. With respect to the constitutional prohibition against cruel and unusual punishment, Linde attempts to distinguish our holding in *Monteiro* by arguing that the mandatory and consecutive life sentence that he was given under the anti-gun-violence statute is unconstitutionally disproportionate to the crime of second-degree murder that he committed. We are of the opinion, however, that this argument may not be raised by way of Rule 35 of the Superior Court Rules of Criminal Procedure.

3. The record establishes that defendant never received a hearing for his Rule 35 motion. This Court recently has declared "that a hearing should be provided for Rule 35 motions 'absent truly exceptional considerations.'" *State v. Ruffner*, 960 A.2d 992, 992 (R.I.2008) (mem.) (quoting *State v. Chase*, 958 A.2d 147, 148 (R.I.2008) (mem.)). Although the trial justice in this case failed to articulate his reasons for not conducting a hearing, defendant has not raised this issue on appeal; accordingly, it is not before us.

posed pursuant to an unconstitutional statute is illegal under Rule 35.

This Court has defined an illegal sentence "as one that is not authorized by the statute establishing the punishment that may be imposed for the particular crime or crimes." *State v. Texieira,* 944 A.2d 132, 143 (R.I.2008) (citing *State v. Murray,* 788 A.2d 1154, 1155 (R.I.2001) (mem.)). We also have adopted the language in the Reporter's Notes. *See State v. Elliott,* 899 A.2d 520, 521 (R.I.2006) (mem.) (quoting with approval the definition of an "illegal sentence" in the Reporter's Notes to Rule 35); *State v. DeCiantis,* 813 A.2d 986, 991 (R.I.2003) (same). But we never have countenanced a challenge to the constitutionality of a penal statute in the context of a Rule 35 motion; nor have we declared that a sentence imposed pursuant to an unconstitutional statute, which is not the case here, is illegal as contemplated by Rule 35 and we decline to do so now.

 Instead, in moving under Rule 35, the defendant had the burden of proving that the trial justice's imposition of a mandatory consecutive life sentence was not authorized by § 11–47–3.2. *Texieira,* 944 A.2d at 143. Subsections (b)(3) and (c) of § 11–47–3.2 provide:

> "(b) Every person who, while committing an offense violating subsection (a) of this section, discharges a firearm shall be guilty of a felony and be imprisoned as follows:
>
> " * * * *
>
> "(3) Life, * * * if the death or permanent incapacity of any person (other than the person convicted) results from the discharge of the firearm.
>
> "(c) The penalties defined in subsection (b) of this section shall run consecutively, and not concurrently, to any other sentence imposed * * *."

Therefore, pursuant to this statute, the trial justice was without discretion to impose a sentence other than one for life imprisonment, consecutive to the sentence for second-degree murder. Accordingly, under Rule 35, the defendant's sentence is not illegal.

### Conclusion

Because we opine that the defendant's claims could not be asserted via Rule 35, we affirm the order of the Superior Court, to which the papers in this case may be remanded.