## STATE

v.

### Jose TAPIA.

### No. 2010–338–C.A.

Supreme Court of Rhode Island.

June 28, 2012.

Virginia M. McGinn, Department of Attorney General.

C. Daniel Schrock.

## ORDER

The defendant, Jose Tapia, appeals from a Superior Court order denying his motion to correct an illegal sentence, which motion was filed pursuant to Rule 35(a) of the Superior Court Rules of Criminal Procedure. On appeal, the defendant contends that the hearing justice erred in denying his motion because (1) the arson charge of which he was convicted should have been merged with his felony murder convictions; and (2) for that reason, his sentence on the arson count was illegal as being violative of the constitutional ban on double jeopardy.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the written and oral submissions of the parties, we are satisfied that cause has not been shown and that this appeal may be resolved without further briefing or argument. For the reasons set forth herein, we affirm the order of the Superior Court.

In April of 1994, a grand jury issued an eight-count indictment against defendant as a result of his involvement in "[a] night of road rage and vengeful arson," which "culminated in a family of six innocent victims, including four children, burning to death in a Providence house fire." *See* *State v. Garcia*, 743 A.2d 1038, 1042 (R.I. 2000).[1] The indictment charged defendant with one count of first-degree arson, one count of conspiracy, and six counts of first-degree murder. On September 12, 1996, defendant, who was facing the possibility of a sentence of life imprisonment without the possibility of parole upon conviction of murder,[2] after consultation with counsel, entered a plea of guilty to all eight counts. Shortly thereafter, defendant was sentenced to six concurrent life sentences on the first-degree murder charges; ten years to serve on the conspiracy charge to run concurrently with the murder sentences; and twenty years to serve on the first-degree arson charge to run consecutively to the other sentences.

On December 1, 2009, more than thirteen years after he pled guilty, defendant filed a "Motion to Correct Illegal Sentence," in which he contended that the sentence imposed with respect to the arson charge was illegal. The defendant argued that the arson charge should have been merged with the murder charges and that, therefore, the sentence relative to the arson charge was illegal as being violative of the ban on double jeopardy.

On February 22, 2010, a hearing on defendant's motion was held before a justice of the Superior Court. After counsel for the parties had presented their respective arguments, the hearing justice stated that he would not reach the issue of the alleged illegality of the sentence. Making reference to Rule 12(b)(2) and (b)(3) of the Superior Court Rules of Criminal Procedure and our opinion in *State v. LaPlante*, 122 R.I. 446, 409 A.2d 130 (1979), the hearing justice noted that "the motion [was], in fact, untimely." On March 22, 2010, the hearing justice issued an order denying defendant's motion. Thereafter, defendant timely appealed.

Rule 35(a), pursuant to which defendant's motion was filed, provides that "[t]he court may correct an illegal sentence at any time." *See State v. Linde*, 965 A.2d 415, 416 (R.I.2009) (internal quotation marks omitted); *State v. Texieira*, 944 A.2d 132, 143 (R.I.2008). This Court has defined an illegal sentence as being a sentence "that is not authorized by the statute establishing the punishment that may be imposed for the particular crime or crimes." *Texieira*, 944 A.2d at 143; *see also* Reporter's Notes to Rule 35 (defining an illegal sentence as "one which has been

---

1. The factual background of this case is described in fuller detail in our opinion affirming the judgment of conviction of the person who was accused along with defendant of perpetrating the felonies referenced in the text. See State v. Garcia, 743 A.2d 1038 (R.I.2000).

2. Jose Garcia, who was a co-defendant in this case, opted to have his case tried and submitted to a jury. *See Garcia*, 743 A.2d at 1043. He was found guilty and was sentenced to (*inter alia*) two concurrent terms of life imprisonment without the possibility of parole. *See id.*

imposed after a valid conviction but is not authorized under law"); *Linde,* 965 A.2d at 417.

Because the defendant's motion is not appropriate under Rule 35, we shall not address the merits thereof. *See generally State v. Murray,* 44 A.3d 139 (R.I.2012); *Linde,* 965 A.2d at 415–16. Furthermore, because the crime of arson in the first degree carries a penalty of up to life imprisonment, the sentence imposed in the instant case— *viz.,* twenty years at the Adult Correctional Institutions—was not an illegal sentence in the context of Rule 35. *See* G.L.1956 § 11–4–2; *see also Murray,* 44 A.3d at 141–42.

For the foregoing reasons, we affirm the order of the Superior Court. The record in this case may be returned to that tribunal.