STATE of Rhode Island

v.

William A. QUATTROCCHI, Jr.

No. 95–653–M.P.

Supreme Court of Rhode Island.

Dec. 19, 1996.

Samuel L. DiSano, Barrington, for Plaintiff.

David W. Dugan, Wood River, for Defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument November 4, 1996, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised in the petition for certiorari should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this petition should be decided at this time.

The state sought review of a decision of the Appellate Division of the Workers' Compensation Court that awarded compensation to employee, William A. Quattrocchi, Jr., during a period when he was in home confinement after pleading nolo contendere to possession of five kilograms of marijuana and conspiracy to possess more than five kilograms of marijuana. The employee was sentenced to twenty years on both counts, eighteen years and five months were suspended, and seven months were to be served at the Adult Correctional Institutions. The sentences were to run concurrently. He was given credit for the seven months of incarceration awaiting disposition of his alleged offenses, and the final twelve months were to be served in home confinement. The employee had been employed by the State Department of Corrections when he injured his lower back in the line of duty on May 29, 1991. He was found to be totally disabled as of September 9, 1993.

■ The sole question raised by the petition for certiorari is whether employee was entitled to compensation during his period of home confinement. General Laws 1956 § 28–33–17.1(c) states as follows:

"An employee shall also not be entitled to compensation under chapters 29—38, of this title for any period during which the employee was imprisoned as a result of a conviction of a criminal offense."

General Laws 1956 § 42–56–20.2 defines "community confinement" as follows:

"(a) *Persons subject to this section.* Every person who shall have been adjudged guilty of any crime after trial before a judge, a judge and jury, or before a single judge entertaining the person's plea of nolo contendere or guilty to an offense, ('adjudged person') and every person sentenced to imprisonment in the adult correctional institutions ('sentenced person') and *every person awaiting trial at the adult correctional institutions* ('detained persons') who meets the criteria set forth in this section shall be subject to the terms of this section." (Emphasis added.)

■ The state argues that home confinement or community confinement is a form of imprisonment, and therefore, an employee is not entitled to benefits for workers' compensation during a period of home confinement. With this contention we agree. The former statute that preceded the present § 28–33–17.1 provided for benefits to be payable to dependents during a period of imprisonment. *See* P.L.1981, ch. 340, § 1. In 1992, § 28–33–17.1 was amended to eliminate the payment of benefits to dependents of an employee who is in prison. We believe that this amendment is indicative of the legislative intent in seeking to prohibit the disbursement of any benefits either to the employee or to his dependents during a period of imprisonment. We are persuaded that home confinement is a form of imprisonment during which an employee's liberty is significantly restrained. *Black's Law Dictionary* 757 (6th Ed.1990), in defining "imprisonment," observes:

"It is not a necessary part of the definition that the confinement should be in a place

usually appropriated to that purpose; it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars), as by verbal compulsion and the display of available force. Every confinement of the person is an 'imprisonment,' whether it be in a prison, or in a private house * * *."

We would apply our rule of construction to this statute as set forth in *Pizza Hut of America, Inc. v. Pastore,* 519 A.2d 592, 593 (R.I.1987), that when the language of a statute is clear and unambiguous, the terms of the statute must be literally applied.

For the reasons stated, the petition for certiorari is granted, the decision of the Appellate Division of the Workers' Compensation Court is quashed, and the papers in the case may be remanded to the Workers' Compensation Court with our decision endorsed thereon.