Clark FITZPATRICK

v.

Antonino CUCINOTTA.

No. 97–192–M.P.

Supreme Court of Rhode Island.

March 22, 1999.

Peter S. Haydon, East Greenwich, for Plaintiff.

Albert J. Lepore, Jr., Alfred T. Conte, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on January 26, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised in Clark Fitzpatrick's petition for writ of certiorari from a decree of the Appellate Division of the Workers' Compensation Court should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised by Clark Fitzpatrick will be decided at this time.

On March 28, 1988, while working on the Jamestown Bridge, Antonino Cucinotta (Cucinotta) injured his neck and back. He was employed by Clark Fitzpatrick (employer), the petitioner here. Cucinotta was thereafter paid workers' compensation benefits for his neck and back injuries, were which later amended to include psychological overlay and were considered to constitute a total disability.

On January 6, 1993, the employer filed an employer's petition to review, alleging that Cucinotta's incapacity for work had ended or diminished. The employer filed a timely request for a trial and the petition later went to trial. After that trial but prior to the Workers' Compensation Court's decision in that matter, Cucinotta murdered two people. After turning himself over to the police for those murders, Cucinotta was placed in federal witness protection custody. On May 2, 1995, Cucinotta pled guilty to two counts of murder and one count of carrying a pistol without a license. He was sentenced to eighty years, sixty years to serve, effective as

of April 1, 1994, the date the murders took place.

After Cucinotta was incarcerated but prior to his May 2, 1995 conviction on the two murders, the workers' compensation insurance company insuring the employer unilaterally stopped paying Cucinotta his benefits, as of the time period from March 28, 1994 to April 4, 1994. Cucinotta then filed an employee's petition to enforce, alleging that the employer was in contempt for suspending the benefits. The employer also filed a motion to reopen the earlier employer's petition to review, upon which the parties were still waiting for the court's decision, so that it could introduce the new evidence concerning Cucinotta's crimes and his subsequent conviction.

In the decision on the employer's petition to review and Cucinotta's petition to enforce, both of which were entered by decree on July 18, 1996, the trial court found that Cucinotta remained totally disabled and that he was entitled to workers' compensation benefits up until May 2, 1995, the time of his guilty plea. The trial court also found that the employer was in contempt by unilaterally suspending the payment of benefits. The trial court therefore ordered the employer to pay the benefits owed to Cucinotta together with interest and penalties. The Appellate Division affirmed the decision of the trial court. The employer then filed a petition for writ of certiorari in this Court seeking review of the Appellate Division's determination. On April 16, 1997, after the filing of that petition but before any decision was rendered by this Court, the employer sent three checks to Cucinotta, representing the total amount owed to him as a result of the Appellate Division's determination.[1] Thereafter, we granted the employer's writ on October 23, 1997 and assigned the petition to the show cause calendar for hearing.

We conclude that the determinations of both the trial court and the Appellate Division were correct. General Laws 1956 § 28–33–17.1(c) provides that:

"An employee shall also not be entitled to compensation under chapters 29——38 of this title for any period during which the employee was imprisoned *as a result of a conviction* of a criminal offense." (Emphasis added.)

▆ That statute, while terminating payments during periods of incarceration as a result of a conviction, makes no reference to a termination of benefits during periods of incarceration *prior* to conviction. Here, Cucinotta is not asserting that he is entitled to payments after he was convicted on the murder charges, he only requests the payment of benefits owed to him during his period of incarceration prior to conviction, March 28, 1994 until May 2, 1995. Thus, there was no authorization, in § 28–33–17.1(c) or in fact, in any other section of the General Laws, for the employer to unilaterally terminate workers' compensation benefits prior to Cucinotta's conviction on May 2, 1995, unless such termination was in accordance with a specific order entered in the particular case by the Workers' Compensation Court. *State v. Quattrocchi,* 687 A.2d 78 (R.I.1996), is of no assistance to the employer, because in that case we dealt with a *post* conviction confinement to which § 28–33–17.1(c) was applicable.

▆ In this case, the employer was fully aware of the pending criminal charges against Cucinotta and the employer was also aware that while those charges were pending, Cucinotta was being held in federal witness protection custody. Therefore, the employer was certainly capable of filing in the Workers' Compensation Court, a petition to review for the purpose of determining whether Cucinotta was still incapacitated and/or otherwise eligible to continue to receive workers' compensation payments. Had such a petition been filed and had the Workers' Compensation Court determined that Cucinotta was not in fact still incapacitated or otherwise eligible to continue to receive benefits, the employer could have properly terminated Cucinotta's benefits. However, the

---

1. Although the employer paid the amount the Appellate Division determined that he owed to Cucinotta, the employer still asserts in its petition to this Court that the Appellate Division erred in its determination and that the employer is therefore entitled to reimbursement by the Administrative Fund, as established by G.L.1956 § 28–37–1, of the amount paid to Cucinotta.

employer failed to take any such action and never sought authorization from the Workers' Compensation Court for the termination of Cucinotta's benefits. Instead, the employer unilaterally terminated Cucinotta's benefits, and then, on April 16, 1997, after the Appellate Division had rendered its decision affirming the trial court's determination that Cucinotta was entitled to benefits from March 28, 1994 to May 2, 1995, the employer voluntarily made all the required payments to Cucinotta. Because the employer voluntarily made those payments and because the employer failed to avail itself of the opportunity, from the time of Cucinotta's arrest to the time of his final conviction, to obtain any order from the Workers' Compensation Court authorizing the termination of workers' compensation payments to Cucinotta, the employer is not now entitled to make any claim for reimbursement from the Administrative Fund, as would otherwise be permitted by G.L.1956 chapter 37 of title 28. The employer's inaction coupled with its voluntary payment bars such a result.

We note that despite the unfortunate result in this particular case, the Legislature could in the future prevent a reoccurrence of this case fact situation by revisiting § 28–33–17.1(c).

Accordingly, for all the foregoing reasons, the employer's petition for certiorari is denied and the decree of the Appellate Division is affirmed. The writ heretofore issued is quashed and the papers in this case are remanded to the Workers' Compensation Court with our decision endorsed thereon.