**Supreme Court**

No. 2012-154-C.A.
(K1/06-725A)

State                :

v.                 :

Brian Mlyniec.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                          :

v.                          :

Brian Mlyniec.                 :


Present:  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The defendant, Brian Mlyniec, appeals from an order

of the Superior Court that denied his motion to reduce sentence under Rule 35 of the Superior

Court Rules of Criminal Procedure.  On appeal before this Court, Mlyniec argues that the

hearing justice erred when he denied the motion because the defendant has the potential to be

rehabilitated.  On October 2, 2013, this case came before the Supreme Court pursuant to an order

directing the parties to appear and show cause why the issues raised should not summarily be

decided.  We have considered the record and the written and oral submissions of the parties,

conclude that cause has not been shown, and proceed to decide the appeal without further

briefing or argument.  For the reasons set forth in this opinion, we affirm the order of the

Superior Court denying the defendant's motion to reduce sentence.

### Facts and Travel

The disturbing facts of the underlying case are set forth in State v. Mlyniec, 15 A.3d 983,

986-94 (R.I. 2011).  However, in summary, Mlyniec was convicted of the murder of Kelly

Anderson by strangulation after he plied her with alcohol, bound her with a television cable against her will, and sexually assaulted her. Id. at 1001. On July 3, 2008, a jury found defendant guilty of first-degree murder in violation of G.L. 1956 § 11-23-1. Mlyniec, 15 A.3d at 993. The jury later found that the murder involved aggravated battery. Id. After denying defendant's motion for a new trial, the trial justice sentenced defendant to the maximum sentence of life imprisonment without parole pursuant to § 11-23-2(4). Mlyniec, 15 A.3d at 993. The defendant appealed his conviction to this Court, and we affirmed after conducting an independent review of the sentence. Id. at 1002-03. On June 29, 2011, defendant filed a motion to reduce his sentence pursuant to Rule 35. A second justice of the Superior Court denied the motion to reduce his sentence. The defendant filed a timely appeal to this Court.

## Standard of Review

We have stated on many occasions that "[a] motion to reduce sentence under Rule 35 is 'essentially a plea for leniency.'" State v. Ruffner, 5 A.3d 864, 867 (R.I. 2010) (quoting State v. Mendoza, 958 A.2d 1159, 1161 (R.I. 2008)). "The motion is addressed to the sound discretion of the trial justice, who may grant it if he or she decides 'on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" Mendoza, 958 A.2d at 1161 (quoting State v. Furtado, 774 A.2d 38, 39 (R.I. 2001)). This Court consistently has followed a "strong policy against interfering with a trial justice's discretion in sentencing matters." State v. Tavera, 936 A.2d 599, 600 (R.I. 2007) (mem.) (quoting State v. Ferrara, 818 A.2d 642, 644 (R.I. 2003)). Accordingly, our review of a trial justice's denial of a motion to reduce sentence is "extremely limited." Furtado, 774 A.2d at 39. Indeed, we will disturb such a decision only "'in rare instances when' the sentence imposed is one 'without justification and is grossly disparate from other sentences generally imposed for similar

offenses.'" State v. Burke, 876 A.2d 1109, 1112 (R.I. 2005) (quoting State v. Morris, 863 A.2d 1284, 1287 (R.I. 2004)).  "The defendant has 'the burden of showing that the sentence imposed violated this standard.'" Mendoza, 958 A.2d at 1162 (quoting Furtado, 774 A.2d at 39).

**Analysis**

Before the justice who heard the motion, defendant argued that he was not the same person that he had been at the time of the death of the victim, and he pressed the hearing justice to give him the opportunity for rehabilitation so that he could someday be released from incarceration.  The defendant also contended before the hearing justice that he was now sober, that he attended Alcoholics Anonymous meetings in prison, and that he was working on becoming a better person.  The defendant maintained that he had "painfully reflect[ed]" on his actions, and he expressed remorse and sorrow for them.

At the Rule 35 hearing, defendant maintained that the root cause of his troubles was alcoholism and that he had come to understand the pain he had caused to others.  However, when he denied the motion, the hearing justice noted that defendant had not accepted responsibility for the murder of the victim.  Although defendant told the court that he was "whole-heartedly grief stricken that [the victim] died as well as sincerely sorry to [the victim's] family for [his] despicable behavior," the hearing justice noted that defendant maintained that the victim's death was an accident.  In a letter to his probation officer before sentencing, defendant wrote, "Without any doubt in my mind, [the victim] was playing 'Russian Roulette' with her life, and I believe that no matter who she was with, her death was imminent." Mlyniec, 15 A.3d at 1003.  Despite his arguments, the hearing justice denied Mlyniec's motion, saying that although "the sentence is extremely harsh, the most harsh that our state can afford, the gravity of the offense is

commensurate with the harshness of the sentence given here.  There is a line that protects society.  The sentence is appropriate."

When a trial justice imposes a sentence on a criminal defendant after trial, he considers a variety of factors, including the severity of the offense, the defendant's personal, educational, and employment background, the potential for rehabilitation, societal deterrence, and the appropriateness of punishment.[1]  See State v. Tiernan, 645 A.2d 482, 484 (R.I. 1994).  A Rule 35 motion provides the trial justice with the discretion to reduce a sentence based on the notion that the "passage of time may find the sentencing judge in a more sympathetic or receptive frame of mind."  State v. Diefenderfer, 32 A.3d 931, 936 (R.I. 2011) (quoting State v. Byrnes, 456 A.2d 742, 745 (R.I. 1983)).  Here, the hearing justice gave due consideration to the trial justice's findings, quoting them at length, but he nonetheless denied the motion, noting that "it is too late for [defendant] to change as it is too late for [the victim]."  The hearing justice discussed his obligation to reflect on the appropriateness of the verdict in the "cool of the evening" when deciding whether or not to reduce defendant's sentence.  The hearing justice noted that defendant had expressed some remorse when he was sentenced, but then, as was the case at the hearing on the motion to reduce, defendant had failed to acknowledge that his actions resulted in the murder of Ms. Anderson.  The hearing justice also aptly observed that this Court had affirmed Mlyniec's sentence after conducting an independent review as we are bound to do pursuant to G.L. 1956 § 12-19.2-5.  On appeal, defendant argues that the trial justice abused his discretion in denying the motion to reduce his sentence to life imprisonment with the possibility of parole.

---

[1] Of note, the trial justice had retired before the motion to reduce sentence was heard.  However, the justice who did hear it had the discretion to reduce defendant's sentence after a thorough review of the record.

We are "loath to interfere with a trial justice's discretionary resolution of a Rule 35 motion * * * ." Mendoza, 958 A.2d at 1162 (quoting State v. Smith, 676 A.2d 765, 767 (R.I. 1996)). We have held that "the power [to reduce a sentence] should be exercised only when the sentence is without justification and grossly disparate from sentences generally imposed for similar offenses." State v. Giorgi, 121 R.I. 280, 282, 397 A.2d 898, 899 (1979) (emphasis added). It is our opinion that defendant has failed to direct our attention to any way in which the hearing justice abused his discretion, failed to properly consider the trial justice's findings, or was deficient in his consideration of the arguments before him.[2]

The hearing justice was mindful of the brutal, senseless, and horrific nature of the defendant's crime as well as the defendant's reluctance to bear full responsibility for the victim's murder. In our opinion, the hearing justice exercised his discretion appropriately, and his ruling should not be disturbed.

### Conclusion

The order of the Superior Court is affirmed. The papers in this case may be remanded to that tribunal.

Justice Indeglia did not participate.

---

[2] Indeed, in his written argument to this Court, defendant seems to invite us to undertake de novo review of the arguments raised in the Superior Court. In light of our well-established standard of review, we decline to do so.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      State v. Brian Mlyniec.

**CASE NO:**      No. 2012-154-C.A.
(K1/06-725A)

**COURT:**      Supreme Court

**DATE OPINION FILED:**  November 5, 2013

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

**WRITTEN BY:**      Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

      Associate Justice Jeffrey A. Lanphear

**ATTORNEYS ON APPEAL:**

      For State:  Lauren S. Zurier
                Department of Attorney General

      For Defendant:  Lara E. Montecalvo
                Office of the Public Defender