**Supreme Court**
No. 2014-111-C.A.

|  | |  |
|---|---|---|
| State | : | |
| v. | : | |
| Muhammad Farooq. | : | |

**O R D E R**

This case came before the Court on May 6, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Muhammad Farooq (Farooq or defendant), who was convicted on one count each of first-degree sexual assault, felony assault, and second-degree sexual assault, appeals from the denial of his motion to reduce sentence in accordance with Rule 35 of the Superior Court Rules of Criminal Procedure. After careful review of the parties' arguments, we conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

We briefly recite the facts of the underlying charge. Shortly after 11:30 p.m. on November 1, 2008,[1] Farooq invited the complaining witness, Caitlin (complainant or Caitlin),[2] a customer, to the back room of his convenience store. At knifepoint, Farooq told Caitlin to disrobe and then proceeded to sexually assault her. After a brief struggle, Caitlin managed to grab Farooq's knife and escape.

---

[1] There is some discrepancy in the record as to whether the assault took place on November 1, 2008 or November 2, 2008.

[2] We refer to the complaining witness in this case by a pseudonym. We do so in order to protect her privacy.

On April 15, 2011, criminal indictment P1/11-1105A charged defendant with: first-degree sexual assault in violation of G.L. 1956 §§ 11-37-2 and 11-37-3 (count 1); assault with a dangerous weapon in violation of G.L. 1956 § 11-5-2 (count 2); and second-degree sexual assault in violation of §§ 11-37-4 and 11-37-5 (count 3). The defendant's jury-waived trial commenced on January 23, 2012, where he testified on his own behalf, categorically denying that he sexually assaulted Caitlin.

On January 26, 2012, the trial justice found defendant guilty on all three counts. The defendant's motion for a new trial was denied by the trial justice on February 10, 2012. At the sentencing hearing on March 22, 2012, the trial justice referenced the appropriate Superior Court sentencing benchmarks and noted that, without remorse, he would not give defendant a lesser sentence. He then sentenced defendant to concurrent terms of thirty years, eighteen to serve, and twelve suspended with probation on count 1; ten years, one to serve, and nine suspended with probation on count 2; and fifteen years, five to serve, and ten suspended with probation on count 3. On April 2, 2012, defendant filed a notice of appeal of his conviction to this Court, but he withdrew it on December 14, 2012, leaving himself with no avenue for appellate review.

On April 10, 2013, defendant filed a motion to reduce his sentence pursuant to Rule 35. In support of his motion, defendant attached a statement accepting responsibility for the "horrible crime [he] committed." The defendant included a summary of arguments, in which he pointed out that the withdrawal of his appeal was further evidence that he accepted responsibility and showed remorse for his actions.

On December 16, 2013, at the hearing on the motion, defendant made a further statement accepting responsibility, which defense counsel insisted was justification for a reduction in sentence from a total of eighteen years to serve to six years. When the hearing resumed on

February 17, 2014, complainant addressed the court and stated that she did not wish to see defendant granted any further relief. In his final plea for leniency, defendant averred that there had been a change in circumstances since sentencing, evidenced by the withdrawal of his appeal and the fact that, because an immigration detainer had been lodged against him, he would likely not make parole and would be deported on completion of his sentence.

The trial justice noted his appreciation for defendant's letter acknowledging responsibility, which he understood to be a "tacit acknowledgment that he lied on the stand." The trial justice reiterated that, at sentencing, he could have made a finding that defendant lied on the witness stand and increased his sentence accordingly, but that he chose not do so. He then recognized that the standard on a Rule 35 motion is essentially a plea for leniency and an opportunity to consider whether the original sentence was "really harsh." Denying the motion, the trial justice concluded that there was no need for leniency and that the sentence was not unduly harsh. An order denying the motion was entered on March 7, 2014, and defendant filed a notice of appeal later that day.

"A motion to reduce sentence under Rule 35 is essentially a plea for leniency." State v. Ruffner, 5 A.3d 864, 867 (R.I. 2010) (quoting State v. Mendoza, 958 A.2d 1159, 1161 (R.I. 2008)). "The motion is addressed to the sound discretion of the trial justice, who may grant it if he or she decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." Id. (quoting Mendoza, 958 A.2d at 1161). We have "maintained a strong policy against interfering with a trial justice's discretion in sentencing matters, and, therefore, we only will interfere with that discretion in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." Id. (quoting State v. Coleman, 984

A.2d 650, 654 (R.I. 2009)). "Thus, 'our review of a motion justice's ruling on a motion to correct pursuant to Rule 35 is limited.'" Ruffner, 5 A.3d at 867 (quoting Curtis v. State, 996 A.2d 601, 603-04 (R.I. 2010)).

On appeal, defendant contends that the trial justice erred when he denied the Rule 35 motion to reduce sentence because the trial justice failed to consider circumstances, including his expression of remorse, that had changed since sentencing. After a careful review of the record, we cannot agree with defendant's assertion.

It is well established that a "motion [to reduce sentence] is addressed to the sound discretion of the trial justice, who may grant it if he or she decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." Ruffner, 5 A.3d at 867 (quoting Mendoza, 958 A.2d at 1161 (emphasis added)); see also State v. Tiernan, 645 A.2d 482, 485 (R.I. 1994) ("[A] trial justice may also take into consideration a corollary factor to justify reducing a sentence—that a defendant exhibited contrition and consideration for the victims of his or her criminal activity * * *." (emphasis added)). It is thus evident that a trial justice is under no obligation to take a particular approach in considering a Rule 35 motion. As long as there is reflection on the severity of the original sentence, there is no requirement that the trial justice consider changed circumstances on a Rule 35 motion. See Ruffner, 5 A.3d at 867.

A thorough examination of the record reveals that the trial justice gave ample reflection to the severity of the original sentence. Over the course of his decision covering nearly seven pages of the transcript, the trial justice considered defendant's expression of remorse, the decision not to increase sentence although defendant lied on the stand, complainant's wishes, and the effects on defendant's family, all before making a determination that the original eighteen-

year sentence required no leniency and was not unduly harsh. There is no question that this comprehensive consideration constituted sufficient reflection for the purposes of a Rule 35 motion.

In any event, it is readily apparent that the trial justice did consider changed circumstances in denying the defendant's motion to reduce sentence, specifically noting that he was "pleased that [the defendant] has withdrawn [his] appeal before the merits were decided and has indicated that he's truly sorry for what happened." He considered changed circumstances and wrestled with the defendant's newfound remorse, but was not persuaded that those circumstances warranted a sentence reduction in light of the nature of the crime and its effect on the complainant. Given this Court's reluctance to interfere with a trial justice's decision on a Rule 35 motion, we cannot say that this analysis constituted an abuse of discretion.

We therefore deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court, to which the papers in this case are remanded.

Entered as an Order of this Court this 27th Day of May, 2015.

By Order,

_____/s/_____

Clerk



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      State v. Muhammad Farooq.

**CASE NO:**      No. 2014-111-C.A.
                            (P1/11-1105A)

**COURT:**      Supreme Court

**DATE ORDER FILED:**      May 27, 2015

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      N/A – Court Order

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice William E. Carnes, Jr.

**ATTORNEYS ON APPEAL:**

For State:   Jane M. McSoley
                   Department of Attorney General

For Defendant:   Megan F. Jackson
                        Office of the Public Defender