**Supreme Court**

No. 2014-324-C.A.
(P1/07-1896AG)
(P1/06-776A)

State                               :

    v.                              :

Michael Ciresi.                     :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                          :

v.                          :

Michael Ciresi.                :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The defendant, Michael Ciresi (Ciresi or defendant), appeals the denial of his motion to reduce his sentence.  This case came before the Supreme Court on November 30, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After hearing the arguments of counsel and reviewing the parties' memoranda, we are satisfied that cause has not been shown.  Accordingly, we shall decide the appeal at this time without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

The facts underlying this case are set forth in State v. Ciresi, 45 A.3d 1201, 1210 (R.I. 2012), where this Court affirmed defendant's nine-count criminal conviction.  Those counts included:  burglary, conspiracy to commit burglary, use of a firearm when committing a crime of violence, attempted larceny, receiving stolen goods, harboring a criminal, and obstructing justice. Id.  The aggregate sentences for all of Ciresi's convictions totaled thirty-five years, with twenty

- 1 -

years to serve and fifteen years suspended with probation, to run concurrently, and a ten-year suspended sentence to run consecutively.[1]

On October 31, 2012, subsequent to our opinion, defendant moved to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. In his motion, Ciresi asserted that, since beginning his sentence, he has accepted responsibility for his decisions. He noted the numerous programs he has participated in and completed while incarcerated, including one leading to his receipt of a college degree. Ciresi maintained that his efforts to better himself while in prison "are demonstrative of the tenor and extent of his sincerity, his acceptance of responsibility, remorse and resolution to be an honest, useful member of society." The defendant also referenced the hardship of parenting his two sons while in prison.

Ciresi then argued that his sentence violated the Eighth Amendment to the United States Constitution because it exceeded the guidelines set forth in the Superior Court Sentencing Benchmarks (the benchmarks). Specifically, he asserted that the sentence for one count of burglary (thirty-five years, with twenty to serve and fifteen suspended) exceeded benchmark 5's

---

[1] For each of defendant's nine convictions, the trial justice imposed the following sentences:

> "(1) one year to serve for misdemeanor receipt of stolen goods; (2) ten years to serve for attempted larceny from the ATM machine; (3) five years to serve for the harboring of Darryl Streeper; (4) one year to serve for obstruction of justice; (5) thirty-five years, twenty years to serve and fifteen suspended, with probation, for the East Avenue burglary; (6) ten years to serve for conspiracy to commit the East Avenue burglary; (7) ten years to serve, consecutive to the East Avenue burglary sentence, but suspended, for the firearm charge; (8) ten years to serve for the Charles Street burglary; and (9) ten years to serve for conspiring to commit the Charles Street burglary. The trial justice directed that all of these sentences were to run concurrently aside from the firearm charge." State v. Ciresi, 45 A.3d 1201, 1210 (R.I. 2012).

sentencing range.[2]  The defendant contended that his one-year sentence for receiving stolen goods and his ten-year sentence for attempted larceny also surpassed the guidelines set forth in benchmark 19[3] and benchmark 15,[4] respectively.  He argued that "a large departure [from the recommended guidelines] may be viewed as a 'cruel and unusual' [sic] in violation of the Eighth Amendment * * * ."  The Defendant also cited to State v. Hall, 940 A.2d 645 (R.I. 2008), for the proposition "that all facts that increased the maximum sentence of a defendant, except for prior convictions, must be found by a jury."  Id. at 657 (citing Blakely v. Washington, 542 U.S. 296, 301 (2004)).  In this regard, Ciresi argued that his severe sentence was based on the fact that he was a police officer when the crimes were planned and carried out, which was not proved to a jury.

On May 12, 2014, a justice of the Superior Court heard the parties on Ciresi's motion.[5] His attorney first noted defendant's involvement and participation in various programs while incarcerated.  He also asked the court to consider defendant's sons, arguing that "it's a very meaningful part of his life and one that he would very much like to connect with."  Before defendant spoke, the hearing justice noted defendant's decision not to allocute at his sentencing because he intended to appeal the decision.  Ciresi, appearing via video from prison, expressed regret and shame for his conduct, and said that he accepted responsibility for his actions.

---

[2] Benchmark 5 recommends a sentence of seven to ten years for breaking and entering an occupied dwelling without consent of the owner or tenant, at night, with or without a weapon.

[3] Benchmark 19 suggests a sentence of "[l]ess than jail," for a first offense of receiving stolen goods over $500.

[4] Benchmark 15 recommends a sentence of three to five years for a repeat offense of larceny over $500.  Ciresi's conviction for attempted larceny provides for "the same punishment which might have been inflicted if the attempted offense had been committed."  G.L. 1956 § 11-41-6.

[5] This Court notes that the hearing justice who heard defendant's motion to reduce his sentence is the same justice of the Superior Court who presided over defendant's original trial.

In a decision dated May 30, 2014, the hearing justice denied Ciresi's motion. He rejected defendant's "rehabilitative advancement while an inmate" as a basis to reduce sentence, because "[p]roper inmate deportment * * * is expected" and also irrelevant in determining a motion to reduce a sentence. The hearing justice also rejected Ciresi's argument concerning the hardship that his incarceration had on his sons, finding that "parenthood is simply not a justifiable excuse for dispensing with meaningful punishment for the commission of serious criminal offenses."

The hearing justice rejected defendant's contention that his sentence was impermissibly long in comparison to the benchmarks because the guidelines' recommendations are not mandatory. He noted that the benchmarks provide examples where guideline departure is appropriate, and he singled out three as applicable: (1) "circumstances of the commission of the crime," (2) whether the crime was an "isolated offense," and (3) "other substantial grounds" that might mitigate or aggravate culpability. With these in mind, the hearing justice noted that defendant did not merely commit an "isolated offense." Rather, Ciresi committed five of the nine offenses on different occasions, planned two burglaries, and provided "tools of violence" for the commission of both. Citing to Ciresi, 45 A.3d at 1214, 1216, he found that defendant's other convictions, coupled with additional bad acts,[6] "demonstrated Ciresi's pattern of cultivating and protecting criminal informants in his role as a police officer for his own financial and professional gain * * * [and] were segments of a common scheme or plan * * * ." The hearing justice rejected defendant's assertion that his sentence was impermissibly long and found it "commensurate with the gravity of the crimes he committed." Accordingly, he denied the motion to reduce sentence.

---

[6] The additional bad acts that the hearing justice referenced included thirty-seven acts of defendant's misconduct, which were brought out at the original trial. The hearing justice appended a list of those acts to his order.

- 4 -

On June 12, 2014, Ciresi appealed the denial of his motion. He is challenging the constitutionality of the benchmarks, and raises two specific constitutional violations. First, he argues that his sentence violates the Sixth Amendment to the United States Constitution and article 1, section 15 of the Rhode Island Constitution because it relies on factual findings not proved to the jury. Second, Ciresi contends that the sentence constitutes cruel and unusual punishment, in contravention of the Eighth Amendment to the United States Constitution and article 1, section 8 of the Rhode Island Constitution.

## II

### Standard of Review

"A motion to reduce sentence under Rule 35 is essentially a plea for leniency." State v. Farooq, 115 A.3d 961, 964 (R.I. 2015) (quoting State v. Ruffner, 5 A.3d 864, 867 (R.I. 2010)). "The motion is addressed to the sound discretion of the trial justice, who may grant it if he or she decides 'on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" State v. Mlyniec, 78 A.3d 769, 771 (R.I. 2013) (quoting State v. Mendoza, 958 A.2d 1159, 1161 (R.I. 2008)). We have a "strong policy against interfering with a trial justice's discretion in sentencing matters," and thus "our review of a trial justice's ruling on a Rule 35 motion is extremely limited." State v. Rivera, 64 A.3d 742, 745 (R.I. 2013) (quoting State v. Snell, 11 A.3d 97, 101 (R.I. 2011)). Accordingly, "we only will interfere with that discretion in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." Farooq, 115 A.3d at 964 (quoting Ruffner, 5 A.3d at 867).

## III

## Discussion

## A

### Denial of Defendant's Rule 35 Motion

On appeal, defendant challenges the hearing justice's denial of his motion to reduce his sentence. He contends that "the court was not persuaded that a different sentence should result," despite the hearing justice's acknowledgment that defendant accepted responsibility for his conduct. Ciresi notes that he "presented information [at the Rule 35 proceeding] to inform the [hearing] justice's understanding of potential for rehabilitation," however, the hearing justice rejected his "proffer of post incarceration rehabilitation."

In the present case, "[g]iven the vast discretion we afford to the trial justice's sentencing judgment, we cannot reasonably conclude that the sentences here were 'without justification and * * * grossly disparate from other sentences.'" Snell, 11 A.3d at 102 (quoting Ruffner, 5 A.3d at 867). The hearing justice noted defendant's arguments, including "his recent expressions of remorse along with his rehabilitative advancement while an inmate, as well as a desire to attend to his two children." He rejected these arguments, noting that proper inmate behavior is expected and "not relevant to the determination of a motion to reduce sentence." "[W]e cannot say that the trial justice abused his discretion when he left consideration of the defendant's good behavior and rehabilitative efforts while in prison to the parole board." Ruffner, 5 A.3d at 868.

Further, the hearing justice found defendant's argument concerning family hardship "unavailing." He acknowledged the negative impact of Ciresi's incarceration on his children, but held that it did not justify reducing the sentence imposed for his commission of serious crimes. Addressing defendant's constitutional arguments, the hearing justice determined that the

sentence "is commensurate with the gravity of the crimes he committed." Finally, the hearing justice articulated the reasons for defendant's harsh punishment and concluded that "[t]he enormity of the crimes, the blatant nature of the misconduct, [and] * * * defendant's callous disregard of his oath * * * all counsel toward reaffirmation of the sanctions originally levied." Accordingly, we conclude that the hearing justice "was well within his discretion to give and then confirm the instant punishment for [defendant] * * * ." Snell, 11 A.3d at 102.

## B

### Constitutional Challenges under Rule 35

The defendant also challenges the constitutionality of the benchmarks. He relies on Blakely, for its proposition that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Ciresi maintains that "this state's system," with regard to the benchmarks, "runs afoul of Blakely," because facts underlying a departure from them should be submitted to a jury.

Specifically, defendant raises two constitutional challenges. First, he maintains that "the Sentencing Court did not comply with the Sixth Amendment when it imposed a sentence exceeding the maximum Benchmark * * * ." He references the hearing justice's consideration of facts not proved to the jury, including thirty-seven uncharged bad acts. Second, Ciresi argues that his sentence's departure from the benchmarks constitutes cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution and article 1, section 8 of the Rhode Island Constitution.

This Court, however, has never "countenanced a challenge to the constitutionality of a penal statute in the context of a Rule 35 motion * * * ." State v. Linde, 965 A.2d 415, 417 (R.I.

2009), as amended (Mar. 27, 2009). In Linde, the defendant argued, in part, that his mandatory and consecutive life sentence given under the anti-gun-violence statute violated the Eighth Amendment. Id. at 416. There, we held that the defendant's challenge could not be raised through a Rule 35 motion, and we declined to reach the merits of his constitutional arguments. Id. at 417. Similarly, here, Ciresi challenges the constitutionality of departures from the benchmarks. Accordingly, we need not reach the merits of Ciresi's constitutional challenges because they are "not cognizable in the context of a motion to correct an illegal sentence under Rule 35 * * * ." Linde, 965 A.2d at 416.

**1**

**Sixth Amendment**

Nonetheless, even if defendant could raise constitutional challenges under Rule 35, his arguments lack merit. Ciresi's Sixth Amendment challenge hinges on his assertion that the departure from the benchmarks violates the holding set forth in Blakely. Ciresi contends that the lower court's consideration of facts not proved to the jury—including, thirty-seven uncharged bad acts—violated the Sixth Amendment.

However, Blakely is inapplicable here because Ciresi's sentence did not exceed the statutory maximum. With respect to the burglary sentence challenged on appeal, G.L. 1956 § 11-8-1 sets forth a maximum sentence of life in prison. Here, the sentence only exceeded the benchmark, and this Court has long held "that the benchmarks are not mandatory" and departures are allowed under certain circumstances. Snell, 11 A.3d at 102. In his order denying defendant's motion, the hearing justice articulated three of those circumstances justifying departure from the guidelines. Accordingly, defendant's sentence does not violate the Sixth Amendment.

**2**

**Eighth Amendment**

Ciresi's Eighth Amendment argument rests on his assertion that the sentences fall outside of those set forth in the benchmarks. The defendant cites to <u>McKinney v. State</u>, 843 A.2d 463, 470 (R.I. 2004), to support his argument that "too large of an upward departure [from the sentencing guidelines] may be viewed as 'cruel and unusual' * * * ." In <u>McKinney</u>, this Court recognized a "narrow proportionality principle" with respect to the Eighth Amendment, "such that a criminal sentence is excessive and unconstitutional if, <u>inter alia</u>, it 'is grossly out of proportion to the severity of the crime.'" <u>State v. Monteiro</u>, 924 A.2d 784, 794 (R.I. 2007) (quoting <u>McKinney</u>, 843 A.2d at 467). "The overriding inquiry for determining 'proportionality' is whether the sentence is commensurate with the gravity of the crime." <u>Id.</u> at 795 (quoting <u>McKinney</u>, 843 A.2d at 469).

Ciresi argues that his sentence is cruel and unusual punishment because it departed from the benchmarks. However, since the benchmarks are not mandatory, the hearing justice was "bound only by the statutory limits." <u>Rivera</u>, 64 A.3d at 746 (quoting <u>Snell</u>, 11 A.3d at 102). Here, the trial justice did comply with the statutory limits. Thus, although Ciresi's sentence departed from the guidelines, it was well within the statutory mandate.

Ciresi, as "[t]he party seeking reduction," has not shown that his sentence is "grossly disproportionate" to the crimes charged. <u>Monteiro</u>, 924 A.2d at 794 (quoting <u>McKinney</u>, 843 A.2d at 473). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case," and this is not such a case. <u>Monteiro</u>, 924 A.2d at 795 (quoting <u>Lockyer v. Andrade</u>, 538 U.S. 63, 77 (2003)). We therefore conclude that the sentence does not violate the Eighth Amendment.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to that tribunal.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    State v. Michael Ciresi.

**CASE NO:**    No. 2014-324-C.A.
(P1-07-1896AG)
(P1/06-776A)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    January 6, 2017

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

    Associate Justice Robert D. Krause

**ATTORNEYS ON APPEAL:**

    For State:   Lauren S. Zurier
        Department of Attorney General

    For Defendant:  George J. West, Esq.