May 1, 2019

**Supreme Court**

No. 2017-375-C.A.
(P1/04-1031A)

State                               :

   v.                               :

Javier Merida.                      :

NOTICE:    This opinion is subject to formal revision before
publication in the Rhode Island Reporter.  Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island,
250 Benefit Street, Providence, Rhode Island 02903, at Telephone
222-3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

State　　　　　　　　　:

v.　　　　　　　　　:

Javier Merida.　　　　　:

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.** The defendant, Javier Merida (Merida or defendant), appeals *pro se* from an order of the Superior Court denying his motion to correct sentence, pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. On February 28, 2019, this case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the parties' arguments and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, further briefing or argument is not required to decide this matter. For the reasons explained herein, we affirm the order of the Superior Court.

### I

### Facts and Travel

This Court thoroughly recounted the underlying facts of this matter in our consideration of defendant's direct appeal and postconviction-relief appeal.[1] Therefore, we only recount facts relevant to this appeal and other facts necessary for context.

---

[1] *See Merida v. State*, 93 A.3d 545 (R.I. 2014) (postconviction-relief appeal); *State v. Merida*, 960 A.2d 228 (R.I. 2008) (direct appeal).

In May 2006, defendant was tried and convicted by a jury of two counts of first-degree child molestation sexual assault, in violation of G.L. 1956 § 11-37-8.1, and one count of second-degree child molestation sexual assault, in violation of § 11-37-8.3, for acts committed against his granddaughter. *State v. Merida*, 960 A.2d 228, 230, 231 (R.I. 2008). On July 7, 2006, the trial justice sentenced defendant to two forty-year terms of imprisonment, with twenty years to serve and twenty years suspended, with probation, on the two first-degree child molestation sexual assault counts; and one thirty-year term, with ten years to serve and twenty years suspended, with probation, on the second-degree child molestation sexual assault count; all sentences were to be served concurrently. *Id.* at 230.

From May 2004 until his determination of guilt in May 2006, defendant was on what he characterizes as "twenty-four hour electronic home confinement" as a condition of bail.[2] In October 2016, following the completion of defendant's direct and postconviction-relief appeals, he filed a "motion for correction of sentence" *pro se*, pursuant to Rule 35, which was later heard by the same trial justice who presided over Merida's trial. Merida also filed a motion to appoint counsel for the hearing, but the trial justice denied the motion.

At the hearing on his motion to correct his sentence, defendant argued that the twenty-four months he spent on home confinement should be credited toward his overall sentence, pursuant to G.L. 1956 § 12-19-2(a). Specifically, he argued that this Court's opinion in *State v. Quattrocchi*, 687 A.2d 78 (R.I. 1996), established that home confinement was a form of "imprisonment" for which credit could be given pursuant to § 12-19-2(a). The trial justice then reviewed several relevant cases decided by this Court, taking time to explain each case to defendant and

---

[2] The record reveals that defendant's motion to set bail was granted on May 10, 2004, and a pretrial order was entered for pretrial community confinement pursuant to G.L. 1956 § 42-56-20.2, specifying that "[e]lectronic monitoring devices shall be used."

- 2 -

distinguishing the cases based on their facts.[3] Merida also argued that a prisoner, whom he knew, had received credit toward his sentence for the time he spent on home confinement while awaiting trial. However, at that hearing, defendant could not remember all the details of that case. The trial justice therefore continued the hearing, at defendant's request, so that defendant could obtain more information regarding the case he had mentioned.

One week later, on November 9, 2016, at the continued hearing, Merida argued that two of his cellmates, Mr. Bagley and Mr. DePina, received credit for home confinement toward their overall sentence. However, the trial justice found those cases distinguishable, explaining that, "[i]t appears that Mr. Bagley was sentenced for bail violation and asked for credit for time served and home confinement, but it wasn't a sentencing after trial where he was held in home confinement as a condition of bail prior to trial." She further explained that Mr. DePina was sentenced after a plea agreement with a "capped" plea, stating that, "if I did give him credit for time served in home confinement, it was in accordance with an agreement whereby he agreed to plead guilty and he pled guilty." Having heard defendant's arguments, the trial justice issued a bench decision denying defendant's request to receive credit for time spent on home confinement.

Merida filed a timely notice of appeal on December 1, 2016.[4] Before this Court, Merida argues that: (1) the trial justice erred in her interpretation of case precedent, specifically our opinion

---

[3] Most of the cases that the trial justice discussed involved home confinement as a condition of parole or a plea agreement. *See Rose v. State*, 92 A.3d 903, 905-06 (R.I. 2014); *Curtis v. State*, 996 A.2d 601, 602 (R.I. 2010). The only case that the trial justice found to be relevant to the issue of whether home confinement should count as credit toward a completed sentence was a case from the United States Court of Appeals for the First Circuit. *See United States v. Zackular*, 945 F.2d 423, 424-25 (1st Cir. 1991) (holding that a defendant is not entitled to credit toward an overall sentence for a period spent in home confinement).

[4] This Court remanded the case to Superior Court for the entry of the order denying defendant's motion, and an order entered to that effect on November 8, 2018. The papers were returned to this Court on November 15, 2018.

in *Quattrocchi*, arguing that the interpretation was inconsistent with the provisions of § 12-19-2(a); (2) his equal-protection rights were violated by virtue of the failure to award him credit for his pretrial time on home confinement;[5] and (3) the trial justice erred in denying his motion to appoint counsel, given the complexity of the legal issues and the fact that English is defendant's second language.

## II

### Standard of Review

"A motion to reduce sentence under Rule 35 is essentially a plea for leniency." *State v. Ciresi*, 151 A.3d 750, 754 (R.I. 2017) (quoting *State v. Farooq*, 115 A.3d 961, 964 (R.I. 2015)). "The motion is addressed to the sound discretion of the trial justice, who may grant it if he or she decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *Id.* (quoting *State v. Mlyniec*, 78 A.3d 769, 771 (R.I. 2013)). "We have a 'strong policy against interfering with a trial justice's discretion in sentencing matters,' and thus 'our review of a trial justice's ruling on a Rule 35 motion is extremely limited.'" *Id.* (quoting *State v. Rivera*, 64 A.3d 742, 745 (R.I. 2013)). "Accordingly, 'we only will interfere with that discretion in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses.'" *Id.* (quoting *Farooq*, 115 A.3d at 964). However, "[w]hen faced with the interpretation of statutes and court rules upon review of a Rule 35 motion * * * we apply a *de novo* standard." *State v. Bouffard*, 35 A.3d 909, 916 (R.I. 2012); *see also State v. Goncalves*, 941 A.2d 842, 847 (R.I. 2008).

---

[5] Merida did not raise this particular argument below.

# III

## Discussion

### A

### Motion to Correct Sentence

The defendant first asserts that the trial justice erred in denying his motion to correct sentence pursuant to Rule 35. Specifically, defendant contends that he was entitled to twenty-four months of credit for time that he spent on home confinement between the dates of May 11, 2004, and May 9, 2006. The defendant argues that, based on this Court's interpretation of "imprisonment" in *Quattrocchi*, home confinement is a form of imprisonment, and, therefore, his overall sentence should be reduced by the two years he spent on home confinement while on bail awaiting trial. He bases this contention on certain language in § 12-19-2(a), which provides, in relevant part:

> "Whenever it is provided that any offense shall be punished by a fine or imprisonment, the court imposing punishment may, in its discretion, select the kind of punishment to be imposed, and, if the punishment is fine or imprisonment, its amount or term within the limits prescribed by law; provided, *if the punishment to be imposed is imprisonment, the sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing * * *.*" (Emphasis added.)

"We have previously held that the General Assembly's enactment of the so-called dead-time provisions of § 12-19-2 was a benevolent effort to assist the person who, because of an inability to make bail, has been cast into a sort of limbo as he awaited the disposition of the charge or complaint which had caused his incarceration." *State v. Ilacqua*, 765 A.2d 822, 824 (R.I. 2001) (brackets omitted) (quoting *State v. Skirvin*, 113 R.I. 443, 446, 322 A.2d 297, 299-300 (1974)). "Such an individual is 'in limbo because the time spent awaiting trial or sentence can not be credited towards any future parole.'" *Id.* (brackets omitted) (quoting *Skirvin*, 113 R.I. at 446 n.1,

- 5 -

322 A.2d at 300 n.1). This Court has previously stated that "the phrase 'while awaiting trial and while awaiting sentencing' must be construed as embracing confinement time spent for any reason whatsoever in connection with an offense for which a defendant is subsequently sentenced." *Id.* (quoting *State v. Holmes*, 108 R.I. 579, 582, 277 A.2d 914, 916 (1971)).

In *Holmes*, we noted that § 12-19-2 "is subject to administrative rather than judicial application." *Holmes*, 108 R.I. at 585, 277 A.2d at 917. Thus, it is for the director of the ACI to apply the provisions of § 12-19-2 and to give credits to those persons who were forced to await trial in confinement prior to their conviction. *See id.* However, G.L. 1956 § 42-56-20.2(j), entitled "No incarceration credit for persons awaiting trial[,]" states that "[n]o detainee shall be given incarceration credit by the director [of the ACI] for time spent in *community confinement* while awaiting trial." (Emphasis added.) That provision specifically prohibits the director from granting a person credit for time spent on home confinement prior to trial and prior to conviction.

This Court has stated that, "when we are faced with statutory provisions that are in *pari materia*, we construe them in a manner that attempts to harmonize them and that is consistent with their general objective scope." *State v. Dearmas*, 841 A.2d 659, 666 (R.I. 2004). Because both § 12-19-2 and § 42-56-20.2 govern sentencing of a person convicted of a crime, they may be read together as part of a greater statutory sentencing scheme created by the General Assembly. *See id.* Reading the two provisions together, it is clear that, if the accused is unable to make bail and must await trial at the ACI, then, pursuant to § 12-19-2, the director of the ACI must grant credit for that time if the accused is later convicted. On the other hand, if the accused makes bail and is able to

await trial in his home, then, pursuant to § 42-56-20.2(j), the director cannot give credit for that time, even if the accused is confined in his home as a condition of bail.[6]

Nevertheless, Merida argues that our opinion in *Quattrocchi*, where we held that "[w]e are persuaded that home confinement is a form of imprisonment during which an employee's liberty is significantly restrained[,]" when read in conjunction with § 12-19-2, entitles him to a reduced sentence for the time he spent on home confinement. *Quattrocchi*, 687 A.2d at 79. However, that case involved an application of G.L. 1956 § 28-33-17.1(c) of the Workers' Compensation Act, which prohibits an injured employee from collecting workers' compensation benefits "for any period during which the employee was imprisoned as a result of a conviction of a criminal offense." *Id.* As such, *Quattrocchi* is inapplicable here, where an application of the plain meaning of § 42-56-20.2(j) would bar the director of the ACI from awarding credit to a person convicted of a crime for the time that the person spent on community confinement while awaiting trial.

We also note that prohibiting credit for time spent on home confinement, as a condition of bail, is consistent with the spirit of § 12-19-2(a). The purpose of that statute is to relieve those persons who were *unable* to make bail from the burden of their confinement at the ACI before trial. *See Ilacqua*, 765 A.2d at 824. That concern is inapplicable where, as here, the accused was able to make bail and remain at home pending the outcome of trial. Therefore, we hold that the trial justice's interpretation of § 12-19-2(a) and § 42-56-20.2(j) was correct, and that Merida should not be credited with the time he spent on home confinement.

---

[6] "[T]he right to bail, although guaranteed, is not absolute and may be granted subject to conditions reasonably calculated to further the purpose of bail itself, that is, to ensure the presence of the accused at court." *Bridges v. Superior Court*, 121 R.I. 101, 105, 396 A.2d 97, 99 (1978).

## Equal Protection

For the first time on appeal, defendant contends that the trial justice's failure to award him custody credits for time served on home confinement, while purportedly awarding said credits to others who were similarly situated, violated his due-process and equal-protection rights under the United States Constitution and the Rhode Island Constitution. However, because defendant did not raise this argument below, we deem it waived.

The raise-or-waive rule is well settled in this state, and this Court generally "will not consider on appeal an issue that was not raised before the trial court." *Harvey Realty v. Killingly Manor Condominium Association*, 787 A.2d 465, 466-67 (R.I. 2001). We have recognized that the raise-or-waive rule "will not be disturbed unless 'basic constitutional rights are concerned.'" *State v. Gomez*, 848 A.2d 221, 237 (R.I. 2004) (quoting *State v. Donato*, 592 A.2d 140, 141 (R.I. 1991)). "To fall within this exception, the defendant must show: (1) that the error complained of amounts to more than harmless error; (2) that a sufficient record exists to permit a determination of the issue; and (3) that 'counsel's failure to raise the issue before trial must be premised upon a novel rule of law that counsel could not reasonably have known during the trial.'" *State v. Florez*, 138 A.3d 789, 796 (R.I. 2016) (brackets omitted) (quoting *Cronan ex rel. State v. Cronan*, 774 A.2d 866, 878 (R.I. 2001)). However, because defendant has not identified any of the criteria to this narrow exception to the raise-or-waive rule as applicable to his equal-protection claim, we hold that his argument is waived.[7]

---

[7] Although we need not reach the issue because it was not raised below, we note, nonetheless, that a review of the record fails to reveal any error. In each of the fact patterns that Merida offered to the trial justice as examples of persons receiving credit for time spent on home confinement, the defendant was provided credit *as a condition of a plea, or in the context of parole*. As the trial justice illustrated at the hearing, the individuals who defendant argued received credit for home

## C

### Motion to Appoint Counsel

Finally, defendant argues that his due-process rights were violated because he was not provided counsel and, thus, he did not receive a full and fair evidentiary hearing. Specifically, defendant argues that the trial justice erred in denying his motion to appoint counsel, given that English is his second language and that he is not proficient enough to sufficiently argue the complex issues involved in this case *pro se*.

This Court has declined to extend Rule 44 of the Superior Court Rules of Criminal Procedure,[8] which requires the appointment of counsel in certain Superior Court proceedings, to a sentence-reduction hearing under Rule 35, at least where issues of fundamental fairness and due process are not implicated. *See State v. Chase*, 9 A.3d 1248, 1253 (R.I. 2010). However, in *Chase*, "we [did] not address the question of whether the dictates of fundamental fairness and due process might require [a] * * * defendant to be appointed counsel in a Rule 35 proceeding in an appropriate case[,]" because the defendant had not raised that particular issue. *Id.* at 1254. While Merida does raise due-process and fundamental-fairness concerns in the instant case, we nevertheless hold that his arguments are without merit.

We have followed the lead of the federal courts, which have held that "[a] criminal defendant's right to counsel 'flows from different constitutional provisions, depending on the

---

confinement were not held at home as a condition of bail and, therefore, were not similarly situated to defendant. Thus, defendant's constitutional claim would have failed on the merits.

[8] Rule 44 of the Superior Court Rules of Criminal Procedure states that:

> "If a defendant appears in Superior Court without an attorney, the court shall advise the defendant of the defendant's right to an attorney and assign an attorney to represent the defendant at every stage of the proceeding unless the defendant is able to obtain the defendant's own attorney or elects to proceed without an attorney."

nature of the proceedings.'" *Chase*, 9 A.3d at 1252 (brackets omitted) (quoting *United States v. Palomo*, 80 F.3d 138, 141 (5th Cir. 1996)). "More specifically, the Sixth Amendment to the United States Constitution provides a criminal defendant with the right to counsel during all 'critical stages' of a criminal prosecution, *State v. Oliveira*, 961 A.2d 299, 308-09 (R.I. 2008), 'where substantial rights of a criminal accused may be affected.'" *Chase*, 9 A.3d at 1252-53 (footnote omitted) (quoting *Mempa v. Rhay*, 389 U.S. 128, 134 (1967)). "Additionally, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides for a right to counsel in certain postconviction proceedings when 'fundamental fairness necessitates the assistance of a trained advocate.'" *Id.* at 1253 (footnote omitted) (quoting *Palomo*, 80 F.3d at 141).

Here, defendant argues that the trial justice should have appointed counsel to represent him in connection with his motion to correct sentence because English is his second language and because the issues involved in this case are complex. Moreover, defendant has filed requests for counsel that show that he is indigent and cannot afford his own attorney. Nevertheless, a Rule 35 motion is not a "critical stage of a prosecution" where the Sixth Amendment right to counsel attaches, because the proceeding occurs after a prosecution has been completed. *See Oliveira*, 961 A.2d at 308-09. As this Court has stated, a Rule 35 motion "is essentially a plea for leniency." *See, e.g.*, *Ciresi*, 151 A.3d at 754 (quoting *Farooq*, 115 A.3d at 964). Additionally, the issue at bar—whether § 12-19-2 afforded defendant time off his sentence for the time he spent on home confinement—was not so complex as to require the appointment of counsel as a matter of fundamental fairness and due process.

In this case, a review of the record fails to reveal any error. The seasoned trial justice clearly understood the struggles that a *pro se* defendant might face in a case such as this. She gave the defendant every opportunity to present his case, and she conducted her own research into

relevant statutes and caselaw that could have provided relief to the defendant. The trial justice also granted the defendant a continuance to provide him an opportunity to further prepare and strengthen his arguments in support of his request for relief. Moreover, she explained to the defendant the factual distinctions between the defendant's case and those of his cellmates who had purportedly received credit for home confinement. Therefore, we hold that the trial justice was well within her discretion in denying the defendant's request for counsel in connection with his motion to correct sentence, and this Court will not disturb that ruling.

## IV

## Conclusion

For the above-stated reasons, the order of the Superior Court is affirmed. We remand the papers to that tribunal.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Javier Merida. |
| **Case Number** | No. 2017-375-C.A. (P1/04-1031A) |
| **Date Opinion Filed** | May 1, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For State:<br><br>Christopher R. Bush<br>Department of the Attorney General<br><br>For Defendant:<br><br>Javier Merida, Pro Se |